HARDY, Judge.
This is an action by plaintiff for damages, in the nature of personal injuries, against his automobile liability insurer on the basis of the uninsured motorist’s clause of the insurance policy. Defendant has appealed *443 from judgment in favor of plaintiff in the principal sum of $5,000.00, representing the maximum amount of liability provided by the policy.
The accident which gave rise to this suit occurred about the hour of 1:00 o’clock, A.M. of March 25, 1964, on U. S. Highway No. 167 slightly north of an entrance to the mill of Hunt Lumber Company in Winn Parish. Plaintiff, driving his Fiat automobile north on the highway, collided with the rear end of a Ford Station Wagon owned by one O. C. Combs, which was ■stopped in the northbound lane of the highway. Combs, an employee of the lumber mill, accompanied by seven of his fellow ■employees, had entered the highway from the plant entrance and stopped his car for the purpose of repairing a flat -tire. Although Combs testified that the right wheels •of his car were off the paved slab, the investigating State Trooper testified positively that the automobile was entirely on the pavement in or about the center of the ■northbound lane. At the time of the accident the weather was cloudy, the highway damp, and there was a light fog, which may have had some effect upon visibility, although it was the conclusion of the trial judge that visibility was not seriously impaired.
Two principal issues are presented on this appeal relating respectively to the negligence of Combs and the contributory negligence of plaintiff. On the first point we find no ground for doubt as to the correctness of the conclusion that Combs was guilty of gross negligence which was the proximate cause of the collision. Combs was aware of the flat tire on his vehicle before he entered the highway, and his action in moving into the highway and stopping •on the paved slab was not only a flagrant violation of L.R.S. 32:141 but constituted, ■even in the absence of a statutory prohibition, an act of inexcusable carelessness and negligence.
The most serious question presented relates to the question of contributory negligence on the part of plaintiff. On trial of the case Combs and his passengers testified that both the tail lights and the left rear blinker light were operating at the time of the collision. In his reasons for judgment the district judge expressed doubt as to the credibility of this testimony, but, assuming its correctness, concluded that the lights were obscured by some of the passengers who admittedly were standing behind the car. We share the doubt expressed by our brother of the district court. Although Combs and some of his passengers testified that the tail lights and blinker light were operating even after the State Trooper arrived upon the scene, the Trooper himself testified that no lights were burning on the rear of the car and it is apparent from his testimony that he assumed they might have been damaged by the collision. The district judge was further correct upon the basis of the testimony of some of the passengers that they were standing behind the Combs’ vehicle, and, as a matter of fact, some of them were forced to jump off of the highway when they observed the imminence of the collision. Plaintiff testified that he was driving at a reasonable rate of speed of approximately 50 miles per hour with his headlights dimmed by reason of the entrance of a vehicle from the mill road and because of the approach of an oncoming vehicle; that no lights were visible on the rear of the Combs automobile and that he discovered the presence of that vehicle only when he was about 40 or 50 feet distant. Upon the basis of an evaluation of all of this testimony, the trial judge concluded that the case falls within the exception to the general rule that a driver is bound to see and be able to bring his vehicle to a stop within the range of vision afforded by his headlights. This point has recently been exhaustively considered in the opinion of this court in Piggly-Wigly Operators’ Warehouse, Inc. v. Commercial Union Insurance Co. (2nd Cir., 1965, writs denied), 174 So.2d 207, which has been cited by counsel for both parties litigant in this suit. In its opinion in the *444 cited case the court observed that “ * * no hard and fast rule can be laid down, but the surrounding facts and circumstances bearing on the particular case must necessarily be considered.” (Authorities cited).
It is appropriate to observe with respect to the instant case that plaintiff had no reason to anticipate the obstruction of the highway in the path of his vehicle. The weight of the evidence preponderates in support of the conclusion that the rear lights on the Combs vehicle either were not burning or were obstructed from the view of the vehicle approaching from the rear; that the dark-colored vehicle, under the existing atmospheric conditions, was not susceptible of easy observation, particularly by headlights which for good and sufficient reasons were on low beam. It follows that defendant had failed to establish the elements of contributory negligence asserted against plaintiff.
Finally, it is noted that diligent counsel for defendant-appellant strenuously urges that the amount of the judgment is excessive. This argument is based upon the contention that the record as made up in this case does not justify a substantial award. We are unable to consider this argument as being meritorious. It is our opinion, to state the matter effectively if somewhat bluntly, that the damages suffered by plaintiff and amply supported by the record were of such nature and extent as would justify an award of damages far in excess of the maximum limit provided by defendant’s policy. Despite our feeling that an enumeration of plaintiff’s injuries is superfluous, we call attention to the fact that, according to the reports of plaintiff’s attending physicians, which were admitted in evidence by stipulation and are uncon-troverted, plaintiff suffered multiple facial lacerations, fracture of the upper shaft and plateau of the left tibia, laceration in the area of the right knee, undisplaced fracture of upper lateral pole of the right patella, puncture wound of the left forearm and multiple contusions. It is also established that the fractures of the left leg were subjected to an open reduction, an internal' fixation and the application of a cast; that plaintiff was confined to the hospital for a period of some two weeks; remained on crutches for an additional five weeks; was unable to work for a period in excess of four months and was then allowed to-return to light duty still suffering from a limitation of flexion of the left knee and with a diagnosis of an approximate 10% permanent disability. According to the medical report plaintiff was affected by severe pain, gradually regressing to moderate pain.
By any standard of comparison the award made in the instant case would ber considered woefully inadequate, and it must stand as fixed only because of the policy limitation.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.