190 So.2d 261 (1966)
Beatrice GOURGUES, wife of, and Wesley E. ARNOLD
v.
GRAIN DEALERS MUTUAL INSURANCE CO.
No. 2307.
Court of Appeal of Louisiana, Fourth Circuit.
July 5, 1966.
Rehearing Denied October 5, 1966.
*262 James P. Vial, Leon C. Vial, III, Harry T. Lemmon and Mary Ann Vial Lemmon, Hahnville, for plaintiffs-appellants.
Montgomery, Barnett, Brown & Read, John P. Hammond, Daniel Lund, New Orleans, for defendant-appellee.
Before McBRIDE, REGAN and YARRUT, JJ.
McBRIDE, Judge.
Mrs. Wesley E. Arnold sues to recover damages for personal injuries, and her husband seeks property damages and expenses, arising out of an automobile accident which occurred on February 13, 1964. Arnold's automobile, which was in charge of his wife, was stopped because of a flat tire on the Jefferson Highway, Jefferson Parish, Louisiana, in the inner lane of the west-bound roadway near the traffic circle at the east foot of the Huey P. Long Bridge. While the Arnold car was so situated its rear end was run into by an automobile driven by Mrs. Charlene Attardo, who was not shown to have been speeding. Plaintiffs direct their suit against the liability insurer of the Attardo car. They allege Mrs. Attardo was negligent in five particulars, only two of which need be considered, and those are that she failed to see what she should have seen, and was negligent in not averting the accident by passing the stationary car in one of the two open lanes to its right.
After a trial below the suit was dismissed and plaintiffs have appealed.
About 9:30 p. m., on the above date, Mrs. Arnold was driving her 1958 Cadillac car west on Jefferson Highway. Upon nearing the traffic circle that forms the approach to the bridge she became cognizant that the left front tire was losing air so she stopped the motor. The car's momentum carried her to the inner lane adjacent to the neutral ground which divides the west-bound portion of the highway from the east-bound roadway. She alighted from the car and after walking to the left front side thereof and ascertaining that the tire was completely flat she proceeded to the rear of her car and engaged in a conversation with a man who agreed to help her, after which she re-entered the car and attempted to start the motor.
The neutral ground above referred to is a grassy space between the two roadways of the highway and the testimony shows that Mrs. Arnold very easily and without difficulty could have driven her car upon the grass and completely off the highway, but she made the unfortunate choice of leaving it at rest on a portion of the heavily trafficked highway.
Although Mrs. Arnold claims the lights were illuminated while the car stood in the inbound lane, the trial judge found otherwise and in his dictated reasons for judgment made mention that the Arnold car was "without lights" and darkness prevailed at the locus in quo. We see nothing in the record which successfully countervails the evidence that the car and the neighborhood were unlighted.
The leaving of the automobile standing on a traveled portion of the highway without lights when it, without any problem, could have been driven upon the neutral ground and out of danger constituted negligence. Such is not only a flagrant violation of R.S. 32:141 but would constitute, even in the absence of the statutory prohibition, an act of inexcusable and gross negligence. R.S. 32:141 provides:
"A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be *263 left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
"B. The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.
"C. The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence. Acts 1962, No. 310, § 1."
Mrs. Attardo, who was driving a 1960 Dodge westward on the highway in the center lane, swerved into the lane adjacent to the neutral ground in order to make a left turn at the traffic circle. She stated:
"A. It wasn't too very far, because right after that I, or my headlights as I told you I had the lights on and my headlights picked up the back of the car. I thought the car was moving slow, but then I realized it wasn't moving at all * * *
* * * * * *
"A. * * * It looked like it was moving slowly then I realized it wasn't moving at all and I applied my brakes.
* * * * * *
"Q. What did you do when you saw the car?
"A. I started to slow down a little, then I realized it wasn't moving at all."
Mrs. Attardo's attempt to stop was but without avail and the crash ensued. She explained that she could not swerve right to go around the Arnold car because trucks were closely following her automobile.
The Louisiana Highway Regulatory Act imposes upon the driver of a vehicle disabled on the highway a "responsibility to protect traffic". The portion of the statute above quoted was designed to protect life and property. It is a safety measure. The violation of its provisions is negligence per se and this negligence is actionable if it was a legal cause of the collision. Dixie Drive It Yourself Sys. New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298.
The law controlling in an action such as is before us is appropriately stated in Vowell v. Manufacturers Casualty Insurance Co., 229 La. 798, 86 So.2d 909, thus:
"Our rule that a motorist traveling on the public highways after dark or during a rainstorm, fog, or other abnormal condition, which prevents him seeing ahead, except imperfectly, and for a short time and distance, must guard against striking objects in the road with which he may be suddenly confronted, constitutes an exception to the general rule that a motorist may assume that the road is safe for travel even at night. But that exception to the general rule is itself subject to the exception that a motorist traveling by night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he had no reason to anticipate he would encounter on the highway. Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L.R.A.1917F, 253; Kirk v. United Gas Public Service Co., 185 La. 580, 170 So. 1."
This principle has been reiterated and consistently followed by the courts. Graham v. Hartford Accident and Indemnity Co., La.App., 159 So.2d 333 (cert. den.). See D & D Planting Co. v. Employers Casualty Co., 240 La. 684, 124 So.2d 908 (1960); Gaiennie v. Cooperative Produce *264 Co., Inc., 196 La. 417, 199 So. 377 (1940); Mose v. Ins. Co. of State of Penn. (La.App. 3 Cir. 1961) 134 So.2d 312; Smith v. Henry (La.App. 2 Cir. 1962) 147 So.2d 416.
See also Woods v. Employers Liability Assurance Corp., La.App., 172 So.2d 100 (cert. den.); Graham v. Hartford Accident and Indemnity Co., supra; Bennett v. Lumbermens Mutual Casualty Company, La.App., 181 So.2d 442; Brunson v. Royal Indemnity Co., La.App., 166 So.2d 656.
In Graham v. Hartford Accident and Indemnity Co., supra, it was stated:
"It is well settled that an unlighted vehicle, parked or moving upon the highway at night, constitutes just such an `unexpected or unusual obstruction' to an approaching motorist. See Vowell v. Manufacturers Casualty Ins. Co., supra, unlighted lumber truck; D & D Planting Company v. Employers Casualty Co., supra, unlighted tractor and fertilizer trailer on road; Suire v. Winters, 233 La. 585, 97 So.2d 404 (1957), unlighted, loaded cane truck and trailer; Puissegur v. Louque (La.App. 1 Cir. 1959) 113 So.2d 795, unlighted automobile; Mose v. Ins. Co. of State of Pennsylvania, supra, unlighted farm wagon; Smith v. Henry, supra, poorly lighted pickup truck."
That the Arnold automobile was of a light color (yellow) and the road was straight for a considerable distance does not alter the situation. Mrs. Attardo, who entered the inner lane preparatory to making a left turn at the circle, suddenly came upon the Arnold vehicle which she at first thought was moving slowly, a reasonable assumption. Upon determining that the car ahead was not moving but stationary, she promptly applied her brakes but the accident was inevitable. Nor could Mrs. Attardo have taken any other steps. A maneuver to the right would have been out of the question due to the oncoming trucks.
As held in the above cited cases, failure to see a stalled and unlighted vehicle on a public open highway where there are no special conditions requiring a reduction in speed or the exercise of extraordinary care, does not constitute negligence. In Woods v. Employers Liability Assurance Corp., supra, it was said:
"* * * the congested present day, multi-laned high speed highways * * * must be kept free of unexpected obstructions so that the ever increasing volume of vehicular traffic thereon may move freely and safely."
The judgment appealed from is correct and it is hereby affirmed.
Affirmed.