ELLIS, Judge.
This case arises out of an automobile accident which happened in Iberville Parish on the night of August 23, 1964. The vehicles involved were an automobile owned by Freddie Jefferson and operated by Shirley Williams, and an automobile owned and operated by Roy J. Zito, Sr.
The Jefferson car, in which Mrs. Jane Jefferson was a passenger, was driving in an Easterly direction towards Plaque-mines, Louisiana, on Highway 77, when the car sputtered to a stop for an unknown reason. Virtually all of the automobile was on the travelled portion of the highway when it stopped. About five minutes later, Mr. Zito came along the highway and struck *59 the Jefferson car, knocking it into Shirley Williams and Jane Jefferson, who had gotten out, causing both of them severe physical injuries.
This suit was brought against Mr. Zito and Travelers Indemnity Company, his insurer, by Mrs. Williams and Mrs. Jefferson for personal injuries, and by their husbands for property damage and medical expenses in connection with their injuries. The district judge found that both Mrs. Williams and Mrs. Jefferson were con-tributorily negligent for failing to move the car from the travelled portion of the road, and dismissed their suit for that reason. He did not consider the question of the negligence of Mr. Zito. From that judgment, plaintiffs have taken a devolutive appeal.
It is undisputed that at least five minutes elapsed between the time the Jefferson automobile stalled on the highway and the time it was struck by Mr. Zito. It is also undisputed that neither of the plaintiffs made any effort to flag approaching traffic. Although the testimony conflicts somewhat, the district judge found that the tail lights on the Jefferson vehicle were not burning at the time of the accident.
R.S. 32:141 prescribes the duty incumbent on one who operates a vehicle which becomes disabled on a public highway. He must remove it as soon as possible, and must protect traffic until it is removed. He is required to display flares or signal lights at night sufficient to warn approaching traffic.
The record shows that the shoulder of the road was of ample width to have permitted the Jefferson vehicle to be pushed from the travelled portion of the highway. The district judge found that the plaintiffs were “strapping young women”, capable of pushing the car from the road.
In failing to remove the car from the road, to flag approaching traffic or to display lights or flares, plaintiffs failed to perform any of the duties prescribed for them by the statute. The accident which resulted was the kind which the law was designed to prevent. Under the rule of Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962), plaintiffs’ conduct constitutes negligence per se precluding their recovery.
Neither do we find any validity in the plea of last clear chance. For the doctrine to apply, plaintiff must be in a position of peril from which he cannot extricate himself, and defendant must have discovered or should have discovered it at a time when, with the exercise of reasonable care, he could have avoided the accident. See Tate v. Hill, 197 So.2d 107 (La.App. 1 Cir. 1967).
Mr. Zito testified that he was driving at a speed of about 40 or 45 miles an hour, and that, as he approached, he did not see the Jefferson automobile sooner because he was blinded by the lights of an oncoming automobile. He stated that he slowed his speed somewhat, and that as soon as he saw the stalled vehicle, he applied his brakes, but was unable to avoid the collision. He left 63 feet of skid marks leading up to the point of impact. Under those circumstances, which are uncontradicted in the record, we do not find that the doctrine of last clear chance is applicable here. Mr. Zito applied his brakes as soon as he saw the stalled car and it was then too late to avoid the accident. No showing is made that he should have seen it sooner. See Arnold v. Grain Dealers Mutual Insurance Co., 190 So.2d 261 (La.App. 4 Cir. 1966).
Since we are of the opinion that plaintiffs were contributorily negligent, and that the last clear chance doctrine is inapplicable, we do not find it necessary to consider the specifications of error relating to Mr. Zito’s negligence.
The judgment appealed from is affirmed at plaintiffs’ cost.
Affirmed.