LOTTINGER, Judge.
This is an action for personal injuries and property damages arising out of a three car collision. The petitioners are Alfred W. Lobell and his wife. The defendants are Spencer S. Hollingsworth, Sr., individually and as administrator of the estate of his son, Spencer S. Holling-sworth, Jr., Jewell Edgar Clifton, his employer, Houston Contracting Company, as well as its insurer, American Indemnity Insurance Company. After trial on the merits, the Lower Court rendered judgment in favor of Mr. Lobell in the sum of $5,604.-35, and in favor of Mrs. Lobell in the sum of $9,500.00. Cast in judgment were Mr. Hollingsworth, Sr., and his insurer, as well as Mr. Clifton and the insurer of the automobile which he was driving at the time of *441 the accident. Appeals were taken by all of the defendants who were cast in judgment below.
For the purposes of trial below, the present suit was consolidated with the companion suit filed by Spencer S. Hollingsworth and against defendant Clifton and his insurer for property damages in the sum of $2,500.00. Both of the said suits will be considered in this opinion; however, a separate judgment will be rendered in the matter entitled Hollingsworth v. Clifton et al., La.App., 211 So.2d 444.
The accident occurred at approximately 7:00 P.M., on October 2, 1965, on U.S. Highway No. 61 (Airline Highway), in the Parish of East Baton Rouge, Louisiana. At the scene of the accident, the Airline Highway has two traffic lanes for northbound traffic measuring twenty-four feet in width and two traffic lanes for southbound traffic measuring twenty-four feet in width. The northern and southern lanes of traffic are separated by a neutral ground measuring approximately forty feet in width. At the time of the accident, the weather was good, clear and dry, and it was after dark.
Spencer S. Hollingsworth, Jr., the minor son of defendant Spencer S. Holling-sworth, was driving a Chevrolet Corvette sports car in a northerly direction on the Airline Highway, having just entered the highway from the Highland Road. The accident occurred approximately two tenths of a mile north of the Highland Road in the right-hand northbound traffic lane, when a 1963 Ford driven by defendant Jewell Edgar Clifton struck the rear of the disabled Corvette propelling it across the neutral ground into the path of an oncoming 1960 Ford occupied by Alfred and Irene Lobell.
The record discloses that, shortly prior to the accident, young Hollingsworth was driving his Corvette automobile in a westerly direction on Highland Road. Upon arriving at the intersection of Highland Road and Airline Highway, he stopped for a stop sign and, after noticing that no traffic was in sight, he made a right turn onto Airline Highway and proceeded toward Baton Rouge in the outside traffic lane. He testified that prior to his entering into the Airline Highway his car was running properly.
After he had traveled appproximately one hundred yards on Airline Highway, young Hollingsworth noticed his car was not running properly. The engine was racing, and it appeared to him that power was not being transmitted to the wheels, or, in other words, the clutch seemed to be slipping. Hollingsworth tried shifting to second gear with no better results and then to third gear. During this time the car continued to lose headway, and finally, realizing that he had or was about to experience total clutch failure, young Hollingsworth, while the car was still slowly rolling, immediately activated his right blinker signal, jumped out of his car and attempted to push it off the highway toward the right shoulder. He was pushing on the left side of the car with the door open, pushing with his left hand and using his right hand to guide the car toward the shoulder of the road.
Before Hollingsworth could maneuver the car off the pavement, a large truck, headed toward Baton Rouge, came up behind him in the outside lane and, seeing the disabled car, pulled over into the inside lane and passed the disabled Corvette without trouble. This truck continued along toward Baton Rouge.
Jewell E. Clifton, a defendant herein, who had been following the truck at a distance of some one hundred twenty-five to one hundred thirty feet all the way from Gonzales at a speed of approximately sixty miles per hour, was unable to take any action to avoid colliding with the Corvette automobile. Mr. Clifton testified that as the truck pulled to the left lane to go around the disabled Corvette, there were other cars in the process of passing him so that he could not swerve to the inside lane of traffic. Therefore, as the truck preced *442 ing him swerved to the inside lane of traffic to pass the Corvette, Mr. Clifton was suddenly faced with the disabled Corvette automobile directly in front of him in his own lane of traffic. Although he attempted to swerve to the right to go around the Corvette, the left front of the Clifton vehicle struck the right rear of the Corvette, propelling it across the highway into the oncoming, southbound lane of traffic directly in the path of the Lobell vehicle. The resulting crash between the Lobell and Hollingsworth vehicles resulted in this suit for injuries and property damages by Mr. Lobell and his wife. In the companion suit, Mr. Hollingsworth sued Mr. Clifton for property damage.
The speed limit at the site of the accident on Airline Highway was seventy miles per hour. Traffic at the time was very heavy. The first collision between the Hollingsworth and Clifton vehicles occurred two-tenths of a mile north of the intersection of Highland Road and Airline Highway in the outside northbound lane of traffic. Young Hollingsworth testified to the effect that his lights were on and burning at the time of the accident. Mr. Clifton, on the other hand, testified that there were no lights burning on the Hollings-worth vehicle. The state trooper who investigated the accident, testified that he checked the lights on the Hollingsworth vehicle after the accident and they would not work.
There is no question in our mind but that the Lower Court was correct in holding young Hollingsworth guilty of negligence, which was a proximate cause of the accident. The record clearly reflects that as young Hollingsworth turned off Highland Road into Airline Highway he immediately began having difficulty with the automobile he was driving. He attempted to correct this difficulty by shifting, however, the motor was racing and the car would not pick up speed. Instead of immediately driving his car off the traveled portion of the highway onto the shoulder while he still had sufficient power to drive the car, ne played with the gears of his car for some period of time. During the course of this period, he traveled some two-tenths of a mile down the highway from the intersection of Highland Road to the point of impact.
Title 32, Section 141 of the Louisiana Revised Statues, Sections A and B, provide as follows:
“Stopping, standing or parking outside business or residence Districts.
A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
B. The provisions of this Section shall not apply to the driver of anv vehicle which is disabled while pn the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.”
We do feel, however, that the Lower Court did err in holding defendant, Jewell Clifton, guilty of negligence proximately related to the accident. It is true that Title 32, Section 81(A) of the Louisiana Revised Statutes provides as follows:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and *443 the traffic upon and the condition of the highway.”
Now as Mr. Clifton approached the scene of the accident, he was about one hundred twenty-five to one hundred thirty feet behind the truck traveling on a modern four lane highway upon which the posted speed limit for automobiles was seventy miles per hour. In Adams v. Morgan et al., La.App., 173 So. 540, the Court, after citing the above regulation, said:
“Whilst he (the following motorist) is expected to be prudent in following another, the driver of the car in the rear can anticipate a reasonable observance of the rules of the road and of driving, by the driver of the car ahead of him.” (ours)
This rule was followed by this Court in Reeves v. Caillouet, 46 So.2d 373, and Rhea v. Daigle, 72 So.2d 643.
In Woods v. Employers Liability Assurance Corporation, La.App., 172 So.2d 100, the Court, after citing LSA-R.S. 32, Sections 314 and 141, Subdivision B, respectively, said:
“Unquestionably the legislature of this state has wisely adopted the foregoing rather stringent requirements for the protection of the traveling public, particularly those motorists traveling upon the congested present day, multi-laned high-speed highways which must be kept free of unexpected obstructions so that the ever increasing volume of vehicular traffic thereon may move freely and safely. We deem violation of these statutes negligence per se. It follows that Woods’ negligence in failing to leave his vehicle adequately lighted and neglecting to take precautions to warn the traveling public of the presence of his vehicle, under the circumstances shown, was a proximate cause of the initial collision.”
The Court then went on to say:
“Our rule that a motorist traveling on the public highways after dark or during a rainstorm, fog, or other abnormal condition, which prevents him seeing ahead, except imperfectly, and for a short time and distance, must guard against striking objects in the road with which he may be suddenly confronted, constitutes an exception to the general rule that a motorist may assume that the road is safe for travel even at night. But that exception to the general rule is itself subject to the exception that a motorist traveling by night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he had no reason to anticipate he would encounter on the highway. Jacobs v. Jacobs, 141 La. 272, 74 So. 992, L.R.A. 1917F, 253; Kirk v. United Gas Public Service Co., 185 La. 580, 170 So. 1.”
Furthermore, in Shively v. Hare, La.App., 189 So.2d 12, the Court said:
“We find from our careful and painstaking search of the jurisprudence of this state that a motorist traveling a main highway at night, in the absence of weather, road or traffic conditions which serve to warn one of the necessity of restricted movement, may assume that the road ahead is free of obstructions and unusual objects and that it is open and unrestricted for travel. We find it is equally well settled that an unlighted vehicle, either moving, stopped or parked upon the highway at night is an unusual and unexpected obstruction.”
Although young Hollingsworth takes the position that the lights on his Corvette were burning at the time of the initial impact, Mr. Clifton states that there were no lights burning on the Corvette automobile, nor was there anything else to indicate to him that the stalled Corvette was in the roadway. Mr. Clifton is fortified in such testimony by that of the state tropper who stated that subsequent to the accident he attempted to turn on the lights of the Corvette and that they would not operate.
In view of the foregoing jurisprudence, regardless of whether the lights on the *444 Corvette were burning or not, we feel that Mr. Clifton was not negligent. He was traveling well within the posted speed limit. When the truck preceding him swerved to the left lane to pass around the Corvette vehicle, Mr. Clifton was faced with a sudden emergency. He could not cut to his left because there was other traffic passing him. He took the only action he could to avoid an impact, that is, by attempting to go around to the right of the disabled vehicle. Unfortunately, he was unsuccessful.
 Appellant Hollingsworth and his insurer, State Farm Mutual Automobile Insurance Company, are the only parties who are now complaining as to the quantum of damages awarded by the Lower Court. Of course, they seek a reduction in amount.
The record discloses that Mrs. Lobell was apparently a handsome woman. Prior to the accident, she was a fashion coordinator in women’s apparel. She suffered excruciating pain in a three hour ordeal in the hospital emergency room. A surgeon took more than three hundred stitches in her face and scalp without giving her any anesthetic because of the risk involved in that she might have a concussion. As a result of the accident, Mrs. Lobell has been left with disfiguring scars above her forehead, up into her scalp, across the bridge of her nose into her right eyebrow and on her left cheekbone. In addition, she has a permanent loss of feeling in her frontal scalp.
After the accident, she was continually harassed by customers stopping her for an explanation of what had happened to her face. Because of these numerous inquiries Mrs. Lobell quit a $9,000.00 a year job.
On the other hand, Mr. Lobell, a middle-aged man employed as a welder, sustained a broken kneecap as a result of the accident. He wore a cast for a period of one month and then went through the stages of crutches and using a cane before being able to return to work. There remains a five percent disability to Mr. Lo-bell’s leg as a result of his injuries. At the trial he testified that he still felt weakness and disability in his leg and had difficulty getting into the cramped position required by his welding job.
The Lower Court awarded Mrs. Lobell the sum of $9,500.00 and awarded Mr. Lobell the sum of $5,604.35. We are not impressed with the arguments of appellants to the effect that these awards are excessive, and we do not feel that the Lower Court abused its discretion in fixing the amounts of damages awarded.
For the reasons hereinabove assigned, the judgment of the Lower Court will be amended, so as to dismiss this suit as it applies to defendant, Jewell Edgar Clifton and his insurer and, as so amended, the judgment of the Lower Court will be affirmed. All costs of this appeal shall be paid by defendant, Spencer S. Holling-sworth and his liability insurer, State Farm Mutual Automobile Insurance Company.
Judgment amended and affirmed.