FRUGÉ, Judge.
This is an action for damages arising from an automobile accident on April 2, 1966. The trial court held that the plaintiff’s negligence contributed to the accident, and denied recovery. The plaintiff then appealed to this court.
The accident occurred about 7:00 to 7:15 p. m. between dusk and dark in a rural area on Louisiana Highway 91 between Iota and Eunice. At the place of the accident the highway is a straight two-lane blacktop highway with a shoulder approximately six feet wide that slopes into a ditch.
Prior to the accident plaintiff was driving his tractor in his rice fields next to the highway while Wilbur Brown, his employee, was helping drive some cattle on the highway with plaintiff’s pickup truck. Brown was going west and made a U-turn on the highway and was headed east when the truck stalled. Brown attempted to start the truck to no avail. The plaintiff saw his plight and came to help. After examining the vehicle they pushed the truck and the plaintiff jumped behind the wheel in an attempt to start the truck, but was unsuccessful in doing so. Plaintiff remained in the truck and advised his employee Brown to go help with the cattle. Shortly thereafter, defendant hit plaintiff’s truck from the rear, knocking the truck some thirty-five to forty feet down the road and throwing plaintiff about in the cab of the truck. Plaintiff showed no immediate indication of being injured but later complained about injuries to his back and neck.
There is some dispute as to what time the accident occurred. Plaintiff’s petition states that it was around 7:15 p. m. Plaintiff testified that it was around 7:00 (Tr. 153). His son said it was dusk (Tr. 194) and Wilbur Brown, plaintiff’s employee, said it was about sundown (Tr. 187), but it was dark enough for lights and it was necessary to have lights to see (Tr. 182). Defendant contends that it was dark. The evidence indicates that the plaintiff had had his lights on for some time and that it was dark or near dark at the time of the accident.
There was also a serious dispute as to whether plaintiff’s taillights and blinker lights were on at the time of the accident. Some witnesses said the lights were on, some witnesses said they were off. The defendant and his wife said the lights were not on, and a state trooper and Vivian Quirk said the lights did not work. Plaintiff and other witnesses who had passed the pick-up truck some time before the accident said that the lights were burning. Vivian Quirk also said the lights worked after the truck had been driven to Rup-pert’s home following the accident.
The on-again, offragain nature of the lights and the seeming contradiction of the witnesses’ testimony may be explained by the fact that the truck’s battery was weak. That was why the truck would not start for the battery was not turning the engine fast enough to start it. According to the plaintiff and other parties who had passed the truck prior to the accident the lights were on while the motor was dead and not recharging the battery. This weakened the battery to such an extent that the lights would not burn. When the lights were turned off and the battery allowed to build up, the lights would work for a short while. However, at the time defendant hit the truck the lights had been turned on for several minutes and the weakened battery did not have enough energy to adequately burn the lights.
The trial court’s findings that the plaintiff had adequate time to remove the truck *430 to the shoulder of the road and that plaintiff set out no flares or provided any-warning lights is solidly supported by the evidence. Therefore we are faced with the question of whether the driver of a stalled, unlighted vehicle, near or after dark is negligent when he fails to remove the vehicle from the road when he is capable of doing so.
La.R.S. 32:141 is the pertinent statutory law in this area and it provides that:
“A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
“B. The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.
“C. The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence. Acts 1962, No. 310, § 1.”
The jurisprudence has consistently held that a driver of a stalled, unlighted vehicle is negligent if he fails to remove the vehicle from the main-traveled portion of the highway as soon as possible in violation of La.R.S. 32:141. Lobell v. American Indemnity Company, 211 So.2d 439 (La.App. 1st Cir., 1968) ; Williams v. Travelers Indemnity Co., 210 So.2d 58 (La.App. 1st Cir., 1968); Smith v. Henry, 147 So.2d 416 (La.App.2d Cir., 1963).
In the instant case the plaintiff had ample opportunity to remove his vehicle from the highway. He and his employee, Wilbur Brown, had pushed the vehicle for some distance in an attempt to start it and were obviously quite capable of pushing it onto the shoulder. In failing to do so, the plaintiff was negligent and is thereby barred from recovery.
Plaintiff’s contention that the defendant had the last clear chance to avoid the accident is without merit. A young boy on a bicycle occupied the lane for the oncoming traffic. The shoulder and ditch were an unknown quantity. Defendant braked his automobile and left skid marks for approximately 35 paces. Under the circumstances he could do no more than brake his vehicle in an attempt to lessen the impact.
Finally, plaintiff contends that he was a mere rescuer, and a lesser standard of care should apply to him than is applied to a driver of a stalled, unlighted vehicle. This argument is without merit because the plaintiff took charge of the operation and jumped behind the wheel in trying to start the truck when it was pushed. He then sent the driver away to another chore while he remained in the driver’s seat in control of the vehicle, which belonged to him. It is clear that he was more than a mere rescuer.
Therefore, for the foregoing reasons, the judgment of the trial court is affirmed at plaintiff-appellant’s cost.
Affirmed.