GLADNEY, Judge.
These two cases involving personal injury claims rose out of the same accident and were consolidated for purposes of trial. The accident occurred on April 1, 1961, in Ringgold, Louisiana, and was occasioned by the negligence of Tod Willis, the son of Dr. J. B. Willis, when he crashed into the vehicle owned by R. J. Nelson and being driven at the time by his sister-in-law, Mrs. Edrith Ayres. Mrs. Nelda R. Nelson was occupying the said vehicle in the front seat thereof with Mrs. Ayres the driver. Made defendants herein are Dr. J. B. Willis and his liability insurer, Great American Insurance Company.
Upon trial of the case the negligence of Tod Willis was conceded and the issues presented to the court related to damages, Separate judgments were signed on October 29, 1963. Mrs. Nelson was awarded *867 $4,500.00 and her husband, R. J. Nelson $1,422.70, plus a further sum of $119.23 for the property damage to Mr. Nelson’s automobile. The policy restricted the company’s liability to $5,000.00 for each person, and due to this fact the judgment was prorated to assess as to the personal injuries sustained, the first $5,000.00 against the insurer and the excess thereof, $922.70, against Dr. J. B. Willis. The sum of $119.-23 representing property damage was assessed against each defendant. Judgment was rendered in favor of Mrs. Edrith R. Ayres against Dr. Willis and his insurer in the sum of $3,500.00, and also provided for recovery by Thomas J. Ayres against said defendant of the sum of $1,110.60 for medical expenses.
All interested parties have appealed from the judgments so rendered. Counsel has filed an application for remand on behalf of Nelda R. Nelson and R. J. Nelson wherein it is alleged that on November 29, 1963, Mrs. Nelson was compelled to undergo a major operation with respect to her jaw, the remand being for the purpose of receiving additional evidence and evaluating an additional amount of damages.
We consider separately the injuries sustained by Nelda R. Nelson and thereafter the injuries as sustained by Edrith R. Ayres. In her petition Mrs. Nelson alleged she was hospitalized immediately after the accident and upon her admission to the Schumpert Sanitarium she was having severe dorsal and lumbar back pains accompanied by muscle spasms of her back; that she received severe trauma to the cervical back and right side of her neck and pain in the temporomandibular joint on the right which prevented the normal opening of her mouth. At the time of the institution of the suit on July 21, 1961, Mrs. Nelson asserted that she was still suffering from pain and discomfort. Following the accident she was treated by Dr. E. C. Simonton whose testimony taken on January 24, 1962 described the principal injury of Mrs. Nelson as being “a moderately severe whiplash injury”. It appears that the complaint with reference to Mrs. Nelson’s jaw was first made more than two months after the accident. Dr. Ray E. King, an orthopedist, made an examination and evaluation of Mrs. Nelson on March 7, 1962, and in his report stated his conclusion that Mrs. Nelson had received cervical and lumbar sprains in the accident of April 1, 1961. He expressed the opinion that her inability to open the mouth and the discomfort in the right temporomandibular joint was functional, that is to say, that it had no causal connection with the accident. He found no definite objective evidence of permanent residuals as a result of the injuries sustained.
Mrs. Ayres was hospitalized in the Schumpert Sanitarium from April 3, 1961 to April 21, 1961 and again from May 5, 1961 to May 15, 1961. During this period 'she was treated by Dr. E. C. Simonton, orthopedist of Shreveport. Her complaints were of pain in her neck and in the dorsal and lumbar spine. At the time the testimony of Dr. Simonton was taken on January 24, 1962, Mrs. Ayres was still, under his observation. It is clearly indicated, however, that she suffered no permanent disabilities and her principal complaint related to a cervical neck injury of the type commonly referred to as a “whiplash”. When Dr. Simonton was on the witness stand, counsel posed the question as to whether Mrs. Ayres had sustained a mild, moderate or severe type neck injury which he answered by stating that upon his last examination, January 8, 1962, her residual at that time was primarily muscular rather than ligamental and he would consider the neck injury as being mild.
In Gaspard v. LeMarie, 245 La. 239, 158 So.2d 149, 158 (1963) our Supreme Court reminded the appellate courts that greater consideration should be given to the principle enunciated in LSA-C.C. Art. 1934, § 3 to the effect that in the assessment of damages in offenses much discretion must be left to the judge or jury. From our review of the record we find the awards as made by the trial court on behalf of each of the injured plaintiffs are proper and are neither *868 inadequate nor excessive. We likewise find that counsel on behalf of Mr. and Mrs. Nelson are not entitled to have that case remanded.
For the reasons and findings hereinabove set forth, the judgments appealed from are affirmed. Costs of appeal are to be divided equally between the plaintiffs and defendants.
AYRES, J., recused.