BOLIN, Judge.
Plaintiff received personal injuries when the 1951 Chevrolet she was driving collided with a truck-trailer owned by Curtis Parker Oil Company and being driven by Wilburn Addkison. The Curtis Parker Oil Company and its insurer, The Travelers Indemnity Company of Hartford, Connecticut, were made defendants. From judgment in her favor for $1,508.70, plaintiff appeals and defendants answer praying for rejection of plaintiff’s demands or, in the alternative, for reduction of the amount of the judgment.
The accident forming the background of this case occurred during daylight hours at the intersection of Spring and Caddo Streets in the City of Shreveport. Spring Street runs generally north and south and Caddo Street runs generally east and west. Plaintiff was driving east on Caddo Street *521 and Defendants’ driver was proceeding north on Spring Street. As she approached the intersection, Betty Davis slowed her vehicle to a virtual stop intending to turn right at the intersection onto Spring. At that moment defendants’ driver turned his large truck-trailer unit to the left in front of plaintiff’s car and the collision and resultant injuries followed. Plaintiff contends she was driving on the extreme right side of Caddo Street; that the accident occurred in her lane of traffic; and that the accident was caused entirely by the negligence of defendants’ driver in turning to the left and “cutting the corner” in front of her.
While no written reasons were assigned by the trial judge, we have examined the evidence and have experienced little difficulty in agreeing the accident was caused entirely by the negligence of the driver of the truck and that plaintiff was free of negligence. Plaintiff’s brother, who was an occupant of her car, testified in effect that Addkison cut the corner too sharply in front of his sister causing the left rear wheel of the trailer to collide with the left front of the Chevrolet. This version was corroborated to some extent by two city policemen who investigated the accident and testified the point of impact appeared to be in plaintiff’s lane of travel.
On the question of quantum the lower court apparently awarded plaintiff the sum of $1,000 for her personal injuries and a total of $508.70 as special damages. The latter item is composed of the following:
Expenses and treatment by Dr. L. V. Landry $ 9.00
Expenses and treatment by Dr. Robert D. Hightower of Shreveport 45.00
Expenses and treatment by Dr. C. S. Sentell of Minden, Louisiana 78.00
Hospital expenses 124.45
Loss of wages for four weeks at $40 per week 160.00
Expense for maid service during four weeks 92.25
TOTAL $508.70
Plaintiff complains the sum of $1,000 for pain and suffering is inadequate as well as the amount of $160.00 for loss of wages. Defendant says it is excessive and should be reduced.
The evidence shows Mrs. Davis received a rather severe sprain of her back; that as a result of said accident she experienced quite a bit of pain; and that she was hospitalized for eight days in Minden, Louisiana, where she was placed in traction to lessen the pain. She was unable to work at her usual occupation as a waitress for a period of four weeks. Under these circumstances we think the award of $1,000 was reasonable and neither excessive nor inadequate.
The only items disputed in the special damages category are two: $160.00 for loss of wages and $92.25 for the maid. Defendants claim these are speculative and should not be awarded. Plaintiff says she was unable to work for a period in excess of four weeks, and was required to employ a maid to care for her three children during this time. The review of the record convinces us this award was correct. While she actually did not work for a period longer than four weeks, we think the medical evidence reflects she was discharged as able to return to work on June 27, 1962, only a month after the accident.
After judgment was rendered on the principal demand, plaintiff apparently filed an oral motion to fix the fees of the medical experts who testified and to have such fees taxed as costs. The lower court denied this motion and assigned written reasons therefor. Such refusal was based on its *522 conclusion that the doctors who testified for plaintiff were her treating physicians and they did not express any expert opinions which would entitle them to have their fees fixed and taxed as costs under the appropriate statute. LSA-R.S. 13:3666 provides:
“A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
“B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
"(1) from the testimony adduced upon the trial of the cause, the court shall determine the amount thereof and include same or,
“(2) by rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause. As amended Acts 1960, No. 114, § 1.”
We think the lower court was in error in refusing to fix the expert witness fees and tax them as costs in the instant case. The following observation made by us in the case of Smith v. Aetna Casualty & Surety Company (La.App. 2 Cir., 1961) 128 So.2d 235, is appropriate to this case:
“ * * * While it must be conceded that Dr. Braswell was the attending physician and testified as the result of his examination and treatment of young Smith, he also gave opinion testimony with regard to the general nature and type of injuries complained of, both on direct and cross examinations. Therefore, we feel he is entitled to be compensated as an expert witness under LSA-R.S. 13:3666.”
Our review of this record convinces us Drs. Sentell and Hightower qualified as experts, made professional examinations and expressed expert opinions; therefore they are entitled to have their fees fixed by this court and taxed as costs. On the other hand, the testimony of Dr. Landry was very scanty; he had no record of an examination of plaintiff nor did he express any opinion; consequently he is not entitled to a fee as an expert witness. Dr. Sentell, a general practitioner residing in Minden, Louisiana, was required to travel approximately thirty miles to attend court and was away from his office for at least one-half day. For this witness we think a fee of $100 would be reasonable. Dr. Hightower, an orthopedic specialist of Shreveport, Louisiana, testified briefly and since he was not required to travel out of the city to be in court we think his fee should be fixed at $50.
For the reasons assigned, the judgment appealed from is amended so as to fix the fee of Dr. C. S. Sentell at $100 and the fee of Dr. Robert D. Hightower at $50 which fees are taxed as costs. As thus amended, the judgment is affirmed at defendants’ cost.
Amended and affirmed.