BOLIN, Judge.
While a passenger in a vehicle driven by his wife, Mr. Austin was injured when the Austin car collided with a truck owned by Parkhill Truck Company and insured by Carriers Insurance Company. Austin sues for personal injuries and related special damages allegedly resulting from the truck driver’s negligence. The lower court awarded plaintiff $1500 for his pain and suffering plus $735 as special damages and he appeals, asking that the award be increased.
Defendants have conceded liability. Appellant specifies the lower court erred in the following particulars:
(1) The award of $1500 for Austin’s injuries was grossly inadequate.
(2) The court below erred in denying medical expert witness fees for Dr. J. Richard Brown and Dr. Philip Bonn, witnesses for plaintiff merely because they were the attending physicians.
It would serve no useful purpose to outline in detail Austin’s injuries, the conflicting diagnoses of the several eminent physicians who testified, or the lay testimony as to plaintiff’s physical condition, the record of which we have carefully reviewed.
The district judge dictated into the record his reasons for judgment in the course of which he commented upon the demeanor of the plaintiff during the trial and stated:
* * * * * * *
“Mr. Austin presented an aspect at the trial of this case that was shocking * * *
* * $ * * *
“It must be noted that the symptoms Mr. Austin has related from time to time as reflected by the record are bizarre and do not fit any pattern that the doctor can attribute to trauma or pathology. It must also be noted that on the witness stand Mr. Austin apparently attempted to withhold the information that he was the present operator of a package liquor store near Fairview Alpha.”
The lower court concluded plaintiff should be awarded damages on the basis of a “moderately severe whiplash injury.” He rejected, as unproved, the contention the injury had aggravated a pre-existing arthritic condition. We find no error in this portion of the judgment. ■
In Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964) the court in explanation of *756 its holding in Gaspard v. Lemaire (on rehearing) 245 La. 239, 158 So.2d 149 (1963) said:
“The much discussed Gaspard case recognized and applied the principle of law which has been in our Civil Code since 1825. The principle is simply a declaration of judicial method based on common sense and has no relation to the authority vel non of appellate courts. It is a guide for the courts, reflecting the wisdom gained through experience in judicial process, to achieve justice between the parties in the assessment of damages.
“In the types of cases set out in Article 1934 the principle of law announced there becomes applicable only after the lower court finds liability on the part of the defendant and that plaintiff has proved by a preponderance of the evidence the nature and extent of his injury, for only then does it become necessary to assess the damages. On appeal, if the appellate court affirms the lower court and quantum is the issue, the court should then review all the facts and circumstances on which the lower court based the quantum of award, but this review is confined to determining whether there has been an abuse of the ‘much discretion’ vested in the trial court in assessing damages. After a review of all the facts and circumstances, if the appellate court finds that there has been an abuse of discretion, the amount of the award should be increased or decreased as the case warrants. Strictly speaking, in the review of the damage assessment the general evidential rules of preponderance of evidence or manifest error are not pertinent and are without application, since the only question is whether the lozver court has ahused its discretion in assessing the damages. (Emphasis supplied by this court.)
 Finding no abuse of the discretion of the trial judge on the question of quantum, this portion of the judgment will not be disturbed.
Dr. J. Richard Brown and Dr. Philip Bonn treated Austin during his illness. However they testified during the trial and gave lengthy and comprehensive expert opinions. The lower court was in error in refusing to fix their fees as experts and to tax same as costs. (See La. R.S. 13:3666 and Davis v. Travelers Indemnity Company of Hartford, Connecticut [La.App., 2 Cir., 1964] 165 So.2d 520.)
The judgment appealed from is amended and the fees of Dr. J. Richard Brown and Dr. Philip Bonn are fixed at $50 each and taxed as part of the costs. As thus amended the judgment appealed from is affirmed at appellant’s cost.
Amended and affirmed.