SARTAIN, Judge.
These are two companion cases of three cases arising out of an accident which occurred on February 19, 1964. The third case is Darbonne et ux. v. Firemen’s Fund Insurance Company et al., La.App., 192 So.2d 808, and decided by us this date. The first above entitled suit was brought by Emery J. Fontenot and his wife, Lena Bell Fontenot, for personal injuries and special damages against T. L. James & Co., Inc., Firemen’s Fund Insurance Company, Inc. hereinafter referred to as Firemen’s Fund, and Chester E. Brady, an employee of T. L. James & Co., Inc., alleging specific acts of negligence on the part of Chester E. Brady. The defendants therein filed a third party petition against Hardware Mutual Casualty Company, hereinafter called Hardware Mutual, public liability insurer of Emery J. Fontenot, alleging certain acts of negligence on the part of said Emery J. Fontenot and seeking to have Hardware Mutual cast for one-half of any damages awarded to Lena Bell Fontenot. This suit bears District Court Docket No. 8000, and shall be hereinafter referred to by us by this number.
The second above named suit was filed by Lena Bell Fontenot against Hardware Mutual Casualty Company alleging certain acts of negligence on the part of her husband, Emery J. Fontenot. This suit was docketed in the District Court as No. 8098 and shall be referred to hereinafter by said number. All three cases above mentioned were consolidated for trial in the District Court.
The trial judge rendered judgment in suit No. 8000 in favor of Emery J. Fontenot in the sum of $658.25 and in favor of Lena Bell Fontenot in the sum of $750.00 against T. L. James & Co., Inc., Firemen’s Fund and Chester E. Brady, plus legal interest thereon from date of judicial demand and for all costs. He further dismissed defendants’ third party claim against Hardware Mutual. Said defendants have sus-pensively appealed claiming that the trial judge erred in discharging Hardware Mutual of any liability, failing to hold that Emery J. Fontenot was guilty of contributory negligence which would have barred his recovery, and that the sum of $750.-00 awarded to Mrs. Fontenot is excessive. Emery J. Fontenot answered the appeal claiming to be aggrieved by the judgment which denied him damages for personal injuries and the additional sum of $216.56 as special damages for medical expenses incurred by his wife and for loss of earnings on his part in the amount of $935.00. Lena Bell Fontenot answered the appeal asking that the sum awarded to her for personal injuries be increased to the amount of $1500.00. Hardware Mutual answered the appeal urging the correctness of the trial court’s decision relieving them of liability.
In suit No. 8098 the District Judge rendered judgment in favor of the defendant Hardware Mutual and against the plaintiff, Lena Bell Fontenot, dismissing her claim.
For reasons stated in Darbonne v. Hardware Mutual Insurance Company et al., our No. 6778 hereinabove referred to, which reasons we include herein by reference, we affirm the decision of the trial court which relieved Hardware Mutual of any liability, which in effect held that Emery J. Fontenot was not contributorily negligent and that Hardware Mutual was not concurrently liable. Accordingly, the remainder of this decision will be limited and directed to the awards made to the respective plaintiffs herein.
We are not favored with either oral or written reasons for judgment in the District Court. However, it is clear from the record that the sum of $658.25 awarded to Mr. Fontenot was for damages to his automobile. His claims for addi *807 tional special damages and for personal injuries were denied. The record contains two estimates for repairs to his car, one in the sum awarded and the other in the amount of $598.25. The car was repaired by Mr. Fontenot personally and the sums expended by him were far less than the estimates. However, for this opinion we assign special damages to him for this item in the amount of the lower estimate of $598.25. We further believe that it was an oversight by the District Judge in not awarding him additional special damages for the medical expenses incurred by his wife amounting to $170.06. These damages are itemized as follows: Dr. Ventre, $130.-00; St. Landry Clinic, $17.00; St. Landry Clinic Radiology Department, $20.00; and $3.06 for drugs. There may be some dispute as to whether or not these expenditures were in fact occasioned by the accident or were necessitated by a previous urinary condition suffered by Mrs. Fon-tenot. Dr. Ventre testified that before he could determine the real cause of Mrs. Fontenot’s complaint of lower back injury, it was necessary that he continue to treat her and have special tests conducted for her previous complaint, and by the process of elimination rule out her previous complaint. This is what he did. He definitely concluded that she in fact sustained a moderate lumbar sprain and that because of his previous association with Mrs. Fontenot he felt that her complaints were sincere and consistent with his diagnosis. We are not here concerned with any alleged aggravation of a pre-existing condition. Our primary concern is whether or not the injury sustained by Mrs. Fontenot in the accident necessitated the incurrence of the medical expenses claimed. We think that the evidence supports the conclusion that it does and that Mr. Fontenot is entitled to recover for these items. Accordingly, the trial judge in our opinion should have awarded him the total sum of $768.31.
With respect to Mr. Fontenot’s claim for loss of earnings for himself and for damages for personal injuries, we do not find that the trial judge committed manifest error in denying recovery therefor. While a party may well recover for injuries sustained though not medically defined or even receiving medical attention therefor, this record does not support our reversal of the trial judge in this respect. The record contains only a statement of hospitalization from the Veterans’ Hospital at Alexandria, Louisiana, showing that Mr. Fontenot was admitted on March 5, 1964, which statement contains the diagnosis of “hyperthyroidism”. Lay testimony in the record is to the effect that he lost weight following the accident and prior to his admission to the hospital, underwent surgery for the aforementioned condition, and remained in the hospital until May of 1964. However, the record is completely devoid of any evidence showing any causal relation between the accident and the reason for Mr. Fontenot’s hospitalization.
As previously stated Mrs. Fontenot sustained a moderate lumbar sprain. By her own testimony she had fully recovered from this injury within a two months period. Undoubtedly, her major complaint was occasioned by a pre-existing condition. We do not find that the award of $750.00 is either inadequate or excessive or that the trial judge abused his discretion in assessing damages in this amount.
For the above and foregoing reasons, judgment of the trial court awarding Mr. Emery J. Fontenot the sum of $658.25 is amended to increase the said award to the sum of $768.31. In all other respects the judgments of the trial judge in the aforementioned suits are affirmed. Appellants, Firemen’s Fund Insurance Company, T. L. James & Co., Inc., and Chester E. Brady are to pay the costs of this appeal.
Amended and affirmed.