SART-AIN, Judge.
The matter now before us involves solely a question of quantum as this appeal is taken only by plaintiffs, Victoria Verdun Gouta and Vivian Hall Jones, who sustained personal injuries while riding as guest passengers in an automobile that was involved in a collision on August 8, 1966 in the City of Franklin, Parish of St. Mary, Louisiana.
The trial court awarded Mrs. Gouta the sum of $750.00 and Mrs. Jones the sum of $1,500.00. Both of these parties contend that the awards are grossly inadequate and constitute an abuse of discretion on the part of the trial judge.
*800 The district judge in his written reasons for judgment explained his evaluation of the evidence and award of damages to appellants as follows:
“Immediately following the accident, Victoria Verdun Gouta was examined by Dr. R. R. Utke, her family physician. This examination by Dr. Utke disclosed a possible mild concussion and some tenderness and spasm of the muscles in her neck (Tr. Pg. 55). Following this examination, Mrs. Gouta suffered occasionally from headaches and from tenderness in the cervical region and was seen by Dr. Utke as an outpatient some fourteen times over a period of approximately four months. Mrs. Gouta gradually improved during the course of Dr. Utke’s treatment and was discharged by Dr. Utke some few months following the accident, it being his opinion that at least by December 4, 1966 Mrs. Gouta was suffering from no disability whatever as a result of the injuries sustained by her in this accident.
Considering that the record contains no evidence of any excessive suffering or pain by Mrs. Gouta during her period of convalescence and considering further that according to the testimony of her family physician she was free from all disability some four months following the accident, the Court feels - that an award of SEVEN HUNDRED FIFTY AND NO/100 ($750.00) DOLLARS would adequately compensate Mrs. Gouta for the injuries sustained by her as a result of this accident. See Jobe v. Credeur, La.App., 125 So.2d 487; Coleman v. Shreveport Railway, La.App., 86 So.2d 590; Janice v. Whitley, La.App., 111 So.2d 852.
‡ ¡fc % ‡
Vivian Hall Jones was likewise examined by Dr. Utke following the accident. At this examination Mrs. Jones complained of pain in the cervical region and in her low back. Dr. Utke diagnosed Mrs. Jones’ injuries as a whiplash injury to the neck or cervical spine and an acute lumbosacral sprain (Tr. Pg. 54). Dr. Utke continued to treat Mrs. Jones as an outpatient during the period from the date of the accident to January of 1967, on which latter date she was referred to an orthopedic surgeon, Dr. Larriviere, for examination with regard to her continued complaint of back pain. At the time Dr. Utke referred Mrs. Jones to Dr. Larriviere her whiplash injury of the neck had apparently cleared up, responding satisfactorily to Dr. Utke’s conservative treatment (Tr. Pg. 52). On his examination Dr. Larri-viere found no objective signs of injury and after having seen her on two subsequent occasions, viz., January 28, 1967 and February 4, 1967, discharged her. At the time Dr. Larriviere discharged Mrs. Jones, he suggested that her back trouble was due to weakness of her back muscles from lack of exercise (Tr. Pg. 30), and therefore suggested that she perform certain exercises to strengthen these back muscles to the end that she would be weaned from the lumbosacral corset which she had been wearing. Following her discharge by Dr. Larri-viere, Mrs. Jones continued to see Dr. Utke on occasion with regard to her back pain. Mrs. Jones testified that she has continued to the date of trial to have trouble with her back and is unable to do heavy household chores.
An examination of the testimony of Mrs. Jones, together with that of the physicians who have examined and treated her since the date of the accident, convinces the Court that Mrs. Jones is to some extent exaggerating her disability and complaints of pain. Admittedly, according to the testimony of both' Drs. Larriviere and Utke, by January of 1967 all objective symptoms of injury to Mrs. Jones had disappeared and although Mrs. Jones complained of continued pain in her back to the extent that she was unable to do her everyday household chores, she had not visited her family *801 physician with complaints of back pain for several months prior to the trial of this matter in March, 1968, except for a visit to him in February, 1968, on which occasion he suggested that she again see Dr. Larriviere. Mrs. Jones had not followed her family physician’s advice and had not on the date of trial seen Dr. Larriviere or made any effort to see him. In addition to the above, it is shown by the record that Mrs. Jones was never hospitalized and although some medication was taken by her for a few months following the accident in the fourteen months prior to trial, this plaintiff could only show one receipt for medicines purchased.
The above being considered, the Court feels that an award in favor of Mrs. Jones in the amount of FIFTEEN HUNDRED AND NO/100 ($1500.00) DOLLARS will be substantial justice between the parties. Chrysler [Crisler] v. American Motors Ins. Co., La.App., 177 So.2d 187; Soileau v. U. S. Fidelity & Casualty Co., La.App., 158 So.2d 397; Smith v. Marquette Casualty Co., La.App., 169 So.2d 750.” (Emphasis ours)
In support of their contentions that the amounts awarded for personal injuries are grossly inadequate, appellants cite Fish v. Martin, 201 So.2d 341 (3d La.App., 1967); Hudgens v. Mayeaux et al., 143 So.2d 606 (3d La.App., 1962) ; Ayres et ux. v. Great American Insurance Co. et al., 163 So.2d 866 (2d La.App., 1964, writs refused, 1964); Nauck v. Cooperative Cab Co., Inc., 185 So.2d 345 (4th La.App., 1966); Davis v. Cooperative Cab Co., 176 So.2d 148 (4th La.App., 1965) and Fertitta v. Daum, 204 So.2d 135 (2d La.App., 1967, writs granted, 1968). These cases awarded sums in the approximate amounts of $5,-000 for pain and suffering for injuries similar to those allegedly sustained by appellants.
Defendants contend that the record in this case fully justifies the awards rendered and in addition to the authorities cited by the judge a quo, defendants cite Warr v. Kemp, 208 So.2d 570 (3d La.App., 1968); Davis v. Travelers Indemnity Co. of Hartford, Conn., 165 So.2d 520 (2d La.App., 1964); and, Fontenot v. T. L. James, 192 So.2d 805 (1st La.App., 1967). The awards in each of these additionally cited cases approximate the sums prescribed by the trial judge in the case at bar for the injuries sustained by appellants.
Our independent review of the facts in this case leads us to the conclusion that the awards made herein do not constitute an abuse of discretion on the part of the trial judge and should be affirmed.
The above cited authorities evidence a considerable range in the amount of awards for what might appear to be similar injuries. However, the careful examination of each case reflects that the similarity ceases when the peculiar facts and circumstances of each are more closely studied. It is for this reason that in the awarding of damages for personal injuries the trier of fact is vested with much discretion. C.C. Article 1934(3). It is only where there has been a clear showing of an abuse of discretion on the part of the trial judge in awarding excessive or inadequate damages that an appellate court should exercise its own authority and modify the award. The amount of awards in so called “similar cases” are relevant only to determine whether the award is so excessive or so inadequate as to be an abuse of discretion. Ballard v. National Indemnity Company of Omaha, Neb., 246 La. 963, 169 So.2d 64 (1964).
It would serve no useful purpose to examine in detail the specific testimony of appellants and the attending physicians. We do think it pertinent to state that the weight accorded to the testimony of these individuals by the trial judge with the resulting award of damages in amounts lower than that desired by appellants is justified by the record. The testimony of each of the appellants as to the extent of their *802 suffering is not borne out by the attending physicians. Mrs. Jones on the trial of the case stated that she was totally disabled and remained in bed for the greater portion of time for some six to eight months following the accident yet her attending physician and especially her consulting orthopedic specialist found her almost completely recovered five months after the accident. The extent of her alleged pain and suffering is not corroborated by the testimony of her husband. Neither were other witnesses called whom she testified were necessary for her to hire to do her housework and who might have supported her contentions as to pain and disability.
Mrs. Gouta’s testimony relative to her pain and discomfort was not supported by the testimony of her husband nor of her attending physician. Even though she stated that she had seen her doctor fourteen times following the accident the doctor was not able to give the exact number of visits and was of the opinion that he had not seen her as many times as she claimed. There also is some conflict in the testimony between Mrs. Gouta and her doctor not only as to the extent of her injuries but as to the period of her disability.
We recognize full well that the appellants in this litigation have very little if any formal education and their ability to adequately express themselves may be somewhat limited. This condition coupled with the subjective nature of their complaints would tend to make their respective tasks of proof even more difficult. However, taking these factors into consideration the record nevertheless justifies the comments by the trier of fact that Mrs. Jones to some extent was exaggerating her disability and complaints of pain and further that the record contained “no evidence of any excessive suffering or pain” by Mrs. Gouta. It is therefore clear to us that the trial judge did not consider that the evidence adduced in this case supported the contentions of appellants as to the extent of their respective pain and suffering. It is for these reasons that we do not feel that the awards made herein are so inadequate as to constitute an abuse of discretion on the part of the district judge.
Accordingly, for the above and foregoing reasons the judgment of the district court is affirmed. The cost of this appeal is to be borne by appellants.
Affirmed.