BLANCHE, Judge.
This is a suit by plaintiff-appellee, Dorothy Sanders, for her personal injuries and Johnny Sanders, her husband, for loss to the community by reason of certain expenses which were incurred as a result of an automobile collision at the intersection of First and Oak Streets in the Claiborne Hill area of Covington, Louisiana, on April 17, 1967. The defendants-appellants are Ervin J. Blaise, an employee of Gulf Soap Corporation; Gulf Soap Corporation and its liability insurer, Continental Insurance Company. The trial court awarded judgment in favor of plaintiff, Dorothy Sanders, in the sum of $2,000 for her personal injuries and judgment in favor of plaintiff, Johnny Sanders, in the sum of $826.63 for special damages suffered by the community. Mrs. Sanders was driving her automobile in a northerly direction on Oak Street, and Ervin Blaise was driv *815 ing a truck in an easterly direction on First Street just immediately prior to the collision. Both streets were graveled and of equal dignity. The intersection is uncontrolled and the collision occurred when the defendant Blaise struck the left, front side of the Sanders vehicle. The trial judge found that the defendant Blaise failed to yield the right of way to the Sanders vehicle which was approaching from his right and which had preempted the intersection. We find no manifest error with these findings of fact.
Both drivers testified they had observed each other well in advance of the impact, and it is important to note that Mrs. Sanders observed the truck driving very slowly and assumed that defendant Blaise was going to stop. Under these circumstances, there was no reason for her to assume that the truck would continue across the intersection, and we believe she was justified in assuming that the defendant truck driver would yield the right of way to her. The physical findings likewise bear out that Mrs. Sanders was first to preempt the intersection, as the damage to the left side of her automobile indicates that the defendant ran into the plaintiff. That the truck was traveling slowly is borne out by the fact that it only left ten feet of skid marks in a gravel road and that the damage to plaintiff’s car was slight. The proximate cause of the accident was the failure of the defendant to yield the right of way to plaintiff who had established her right to the same by virtue of her favored position, both in law and fact. Since this was an uncontrolled intersection and Mrs. Sanders was approaching from Blaise’s right, Mrs. Sanders was accorded a statutory right of way under LSA-R.S. 32:121, subd. B:
“B. When two vehicles enter an intersection from different highways at approximately the same time, the driver of the vehicle on the left, shall yield the right of way to the vehicle on the right.”
Further:
“A motorist approaching an uncontrolled intersection from the right is entitled to assume that traffic approaching from his left and reaching the intersection at approximately the same time will yield the right of way to him. The motorist on such favored street can indulge in this assumption until he sees or should see that the motorist approaching from the left has not observed his vehicle or is not going to observe the law.” (Berry v. Festervan, 215 So.2d 398, 399 [La.App. 2d Cir. 1968]; Thayer v. State Farm Mutual Automobile Insurance Co., 229 So.2d 767 [La.App.3rd Cir. 1969])
This is not a case, as contended by appellant, where a driver with the statutory right of way blindly travels on a favored street in reliance on- said right of way without regard to other traffic. We believe that Mrs. Sanders appraised the situation and discerned that she would be accorded the right of way.
Like the trial judge, we also find nothing to indicate that Mrs. Sanders was guilty of contributory negligence.
Mrs. Sanders was shaken up in the accident and went to Dr. Louis Matta complaining of pain in her neck and back. Plaintiff at the time believed she was pregnant, and Dr. Matta referred her to Dr. John W. Simpson, who performed a pregnancy test which turned out to be negative. Dr. Matta found objective symptoms of her injuries such as involuntary muscle spasm of the muscles of the lower back on the left. She also complained of tenderness between the L-4 and L-5 interspacing on pressure and of severe headaches. During the course of his treatment of Mrs. Sanders, Dr. Matta injected both the superspinous and interspinous ligaments with Depomenthol. About December of 1967, though she was still complaining, the doctor considered that she should have improved and at that time *816 ordered myelographic studies to be made. On January 25, 1968, she underwent myelog-raphy and stayed two days in the hospital. No evidence of disc herniation was apparent from the myelogram. The trial judge did not ascribe any particular significance to another automobile accident in which she was involved in October of 1967 as having any particular relation to her injuries, and we do not find his conclusion in this regard erroneous.
The award to Mrs. Sanders of $2,000 was neither excessive nor inadequate and will not be disturbed.
The special damages proved at trial were: Thrift Drugs, $24.93; the Woman’s Clinic, $20.00; Dr. Louis Matta, $345.00; Dr. J. R. Willis, $50.00; St. Tammany
Parish Hospital, $158.30 plus $15.00 for x-rays; Jake’s Body Shop, Inc., for repairs to the automobile, $178.40; total, $791.63. The bill of Dr. Louis Matta totals $415.00, and if we subtract from that the sum of $70.00 for the reports, then the sum of $345.00 is due to Dr. Matta, as reflected in the above list.
For the above and foregoing reasons, the judgment of the trial court is affirmed except insofar as the special items of damage are concerned, and as to them, the judgment is amended so that the judgment in favor of plaintiff, Johnny Sanders, is reduced to the sum of $791.63.
Judgment amended and as amended affirmed.