FRUGÉ, Judge.
This appeal is taken by the defendant solely on the issue of quantum of the award given to Mrs. Anise Morace, a guest passenger in defendant’s automobile. We affirm.
In the first judgment rendered in this case, Mrs. Anise Morace was given an award of $8,012.18 for pain and suffering, this amount being the total amount left under the $10,000 policy after deducting the award to her husband of medical expenses of $817.82 and her loss of earnings at $1,170.
After the first judgment was rendered, the defendant timely made a motion for a new trial. This motion was based upon additional evidence in possession of the defendant. This evidence consisted of two medical witnesses, who had not been called to testify. There is no doubt that this evidence should have been brought out at the trial and the defendant-appellant did not contend that this was newly discovered evidence, but admitted that it was inadvertently left out at the trial. The trial judge ruled in favor of granting a new trial over an objection made by the plaintiff and stated the following as his reasons :
“In view of the fact that this Court was originally uneasy about the fact that Mrs. Morace’s evidence as to pain, suffering, disability, etc. was unrebutted and uncontradicted and in view of this Court’s reluctance to permit a rather large Judgment stand, where, if the true facts were known, the Judgment might be to some degree lessened and in an effort to seek proper justice for all concerned a new trial will be granted for the purpose, for the strict and limited purpose, of permitting introduction of medical evidence in the possession of defendant’s attorney and in existence on the date that this matter was tried. It is further the holding of this Court that defendant should not be precluded from having its day in Court due to an omission or oversight on the part of its attorney.
Clearly the trial judge was not bound to grant the defendant a new trial for the defendant with reasonable diligence could have procured the testimony for trial. Orlando v. Polito, 228 La. 846, 84 So.2d 433 (1955). It is obvious that in this situation, he permitted the defendant to admit this evidence in order to obtain justice in the case. After hearing the additional evidence, the trial judge reduced the award from $8,012.18 to $6,000, which was in his words “an attempt to do justice”. It is from this ruling that the defendant has appealed and is requesting us to reduce this judgment even more contending that the judge was manifestly erroneous in failing to give full effect to the medical testimony by more substantially reducing the plaintiff’s award for pain and suffering. The appellant is also arguing on the basis of the newly admitted evidence that the trial *911 court erred in awarding loss of wages for too long a period. The trial judge, based on the one year’s loss of employment, granted her $1,170, based on the testimony that she was working for $20 to $25 per week. This contention is that since the trial court admitted this testimony, that he is bound by the testimony of the two doctors that Mrs. Morace could have resumed working approximately some three months after the accident, that her loss of earnings should be limited to that time, rather than to the one year under which she underwent treatment by Dr. Credeur.
An award given by a trial judge will not be disturbed unless it is apparent that he has abused his much discretion. Ballard v. National Indemnity Company, 246 La. 963, 169 So.2d 64 (1964).
In an effort to indicate that the trial court abused its discretion here, the appellant has cited Dugas v. Achord, La.App., 238 So.2d 761; Sanders v. Continental Insurance Company of New York, La.App., 238 So.2d 814; Gouta v. Madison, La.App., 238 So.2d 799; Strother v. State Farm Mut. Auto. Ins. Co., La.App., 238 So.2d 774; Anderson v. State Farm Mutual Auto Insurance Company, La.App., 238 So.2d 360; and Herndon v. Fidelity and Casualty Company of New York, La.App., 237 So.2d 723, for cases which gave much lower awards.
The appellee cites Stoltz v. Continental Insurance Company, 231 So.2d 443 (La. App. 4th Cir., 1970); Billeaudeau v. Travelers Insurance Co., 232 So.2d 590 (La.App. 3rd Cir., 1970); Tewis v. Zurich Insurance Co., 233 So.2d 357 (La.App. 1st Cir., 1970) ; Davis v. Lesnack et al., 205 So.2d 77 (La.App. 4th Cir., 1967) ; and Addison v. Traders and General Insurance Co., 212 So.2d 754 (La.App. 3rd Cir., 1968) for cases which gave similar awards.
The facts of this case are significantly distinct from the cases cited by appellant and are sufficient to sustain the award given by the trial judge.
After the accident, Mrs. Morace was treated by Dr. L. J. Credeur who had been Mrs. Morace’s family physician for almost 12 years and was in a good position to evaluate the injuries and resulting disability caused by the accident.
His original diagnosis was a brain concussion, whiplash injury to the neck, acute sprain to the cervical part of the neck, acute sprain and bruising of the right shoulder, and of the right chest area, and acute sprain of the right ankle. Since the accident, she has remained exceedingly nervous and has received tranquilizers as well as medication for pain by injection.
Mrs. Morace was 32-years-old at the time of the accident and was gainfully employed by K-Mart Food Store. She attempted to return to work after the accident, but was forced to leave her employment because of continuing pain resulting from the labor. She made at least three attempts to resume her employment.
Mrs. Morace has received medical treatment between 40 and 50 times during the year following the accident and at the time of the trial, she was still under Dr. Cre-deur’s care and still suffering, in his opinion, from objective symptoms of pain, including muscle spasms. The pertinent portion of his testimony is as follows:
O. What is her present condition?
A. I feel that she has reached a status that is not improving, and, of course, not getting progressively worse either, but since the accident I can say her progress, I think, is very slow. I think she has reached the stage where her condition is static. Of course, (indistinct) and knowing that there may be more improvements at the time that I treat her, the woman has symptoms and has signs and muscle spasm and they have to be treated. I feel no compunction about the fact that I did treat her with the knowledge that she may get no great improvement. She has on occasion exhibited what you would expect fol *912 lowing the injury which — it seems to be more aggravated. But I feel that her nervous condition now is a big contributing factor.
Q. Doctor, I take it from what you said that the whiplash injury of the neck, cervical sprain, the sprain (indistinct) the shoulder, are still causing her pain and causing her symptoms.
A. That’s true, it is.

Q. Now the nervous condition you describe to be new to her, is that right ?
A. Yes.
Q. And established since the accident to that extent?
A. That’s quite true, I have no record of nervous symptoms.
Q. And has persisted since the accident, is that right?
A. That’s right.
Q. And you treated her for twelve years, for various things, prior to that?
A. That’s right.”
The trial judge realized the significance of the new evidence, and in his opinion stated that:
“Dr. Kaplan examined Mrs. Morace on May 8, 1969, at request of the defendant. This examination was made for the purpose of verifying whether or not the objective symptoms exist, which would indicate Mrs. Morace was still suffering from any pain or disability as the result of the accident sued upon. Dr. Kaplan’s testimony is generally negative as to any findings. Mrs. Morace complained to Dr. Kaplan that she still had pain in her right shoulder which was brought about by any activity and particularly when she tried to return to work. His findings, however, of any objective symptoms, were completely negative. Dr. Banks examined Mrs. Morace at the request of the plaintiff. This examination took place on April 30th, 1969, and his finding was essentially negative. Her complaints were the same as those of Dr. Kaplan.”
The above is, of course, in conflict with testimony taken at time of the trial from Dr. Credeur. The first judgment was rendered and based primarily as to the pain and suffering on testimony of Dr. Credeur, who treated her for almost a year. Having heard the testimony of the two defense witnesses, the trial judge felt it should be given some consideration. It is obvious that he did not overwhelmingly accept the testimony of either these two witnesses or Dr. Credeur in assessing the amount of the judgment, but once having admitted the new testimony of the two doctors, he felt that he should give it some credence and attempted to do what he felt was justice by reducing the amount given for pain and suffering.
There is no merit to the argument that the trial judge abused his discretion.
For the foregoing reasons, the judgment of the trial court is affirmed. The cost to be paid by the defendant-appellant.
Affirmed.