LOTTINGER, Judge.
This is an automobile accident case wherein the plaintiff, Jerry J. Himel, was the guest passenger in an automobile struck by a car owned by Marjrie Roundtree and driven by her father, Tom J. Roundtree. *570 Marj ríe Roundtree was insured by Allstate Insurance Company and Tom J. Roundtree by United States Fire Insurance Company. The Trial Court judgment was in favor of the plaintiff and against the defendants, Tom J. Roundtree and United States Fire Insurance Company. On a motion for a new trial, the Trial Judge amended his judgment to award expert witness fees and to dismiss the defendant, Marjrie Roundtree. No mention was made of Allstate Insurance Company. The defendants cast in judgment have appealed, and the plaintiff has not answered the appeal as to the question of the non-mention of Allstate Insurance Company. There is no question of liability, and the appeal is limited to quantum.
The Trial Court awarded the plaintiff the sum of $4,033.15, which the defendants-appellants contend is grossly excessive and should be reduced. The judgment was amended to include $100.00 as expert witness fees.
This accident happened on February 22, 1968. The plaintiff first saw a physician on March 16, 1968, at the J. T. Nix clinic, which doctor did not testify. On March 23, plaintiff was examined by Dr. Nix, a general surgeon. The plaintiff complained of low back pain. At this time examination revealed lumbar and lumbosacral spasm of the posterior erector muscles and tenderness in that area. X-rays were normal. The plaintiff then saw Dr. Roy Montalbano, a general practitioner, on April 2, and also complained to this doctor of low back pain. At this time Dr. Montal-bano found moderate muscle spasms in the lower part of the plaintiffs back. X-rays were again negative. He returned to Dr. Montalbano on April 16, and only had mild muscle spasms in the lumbosacral area. On April 25, he was found to be in the same condition as on the 16th. On May 7, plaintiff was feeling better and the pain showed marked improvement. Physiotherapy was discontinued at this time. On June 3 examination showed no muscle spasms, and he was discharged. At this point Dr. Montalbano said the plaintiff was doing hard manual labor.
On June 1, 1968, plaintiff was seen by Dr. Irving Cahen, who found that all injuries from the accident had cleared, but the plaintiff had a ¡Hi’s of an inch shortness in one leg. Dr. Cahen attributed the complaints to the shortness rather than the accident. A shoe lift was prescribed. On July 8 the plaintiff returned to Dr. .Montal-bano and informed him of the shortness in his leg, which was confirmed. The plaintiff was again discharged on September 5, 1968 by Dr. Montalbano. Dr. Nix had placed the plaintiff in a lumbosacral back brace. Dr. Montalbano prescribed physiotherapy and both doctors prescribed medication.
From the record, we compute a total of $387.64 in medical and doctor bills. Therefore, the Trial Judge awarded the plaintiff some $3,645.51 for pain, suffering and loss of wages. We find that this award in light of the injuries above described is excessive and should be reduced by $1,-500.00.
The physical therapy visits total seven in number from April 2 to April 26. Plaintiff never missed work except when he kept doctor appointments. The plaintiff testified that he was doing light work, and yet it was necessary for him to walk up and down six or eight flights of stairs a day. The plaintiff never was admitted to a hospital.
 We are well aware of the general rule that the award of the triers of fact, whether it be judge or jury, is to be given much weight, and is to be changed only when found to be grossly excessive or inadequate. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149; Ballard v. National Indemnity Co., 246 La. 963, 169 So.2d 64; Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127. We firmly believe that the courts of this state in determining an award of quantum are not to be restricted and controlled by prior awards, but may use these simply as a guide as to what would be a *571 justifiable amount. Each case must stand on its own merits, and each award must be gauged. We are of the opinion that a reduction of $1,500.00 in this award would be justified. LaDousa v. Johnson, 250 So.2d 158, La.App. 1st Cir. 1971; Sanders v. Continental Insurance Co. of New York, 238 So.2d 814, La.App. 1st Cir. 1970; Perry v. New Hampshire Insurance Company, 233 So.2d 362, La.App. 1st Cir. 1970.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is amended, and as amended, affirmed. All costs of this appeal are to be paid by plaintif f-appellee.
Judgment amended and affirmed.