ELLIS, Judge.
This case arises out of an automobile accident which happened between a vehicle owned and operated by Thomas W. La-Dousa and a vehicle operated by Gladys Johnson. Plaintiffs are Mr. LaDousa and his wife Dickie Nettles LaDousa. Defendants are Mrs. Johnson and The Travelers Insurance Company, her insurer. In addition, the defendants have made Mr. La-Dousa a third party defendant, claiming contribution from him in the event they should be held liable to Mrs. LaDousa.
After trial on the merits, judgment was rendered in favor of Mrs. LaDousa against the defendants for $2000.00, and in favor of defendants against Mr. LaDousa for $1000.00. Mr. LaDousa’s claim was dismissed on a finding that he was contribu-torily negligent. From that judgment, defendants and plaintiffs have appealed.
The accident happened on Highway 190 at 8:00 p. m. on December 20, 1968. It was dark and misty, and the surface of the highway was wet, although it was not raining. Highway 190 at that point is a four lane highway, with two lanes in each direction, divided by a. narrow median.
*160 About five to ten minutes before this accident, Gladys Johnson was involved in another accident, as a result of which her vehicle was stopped blocking both east bound lanes of the highway. The lights were out on her car, and neither she nor anyone else put out flares or attempted in any way to flag or warn approaching traffic. Two other cars, which were involved in the first accident, were in the highway on the other side of the median, and a number of people were milling around. All of the witnesses except the plaintiffs testified that traffic was heavy, and that a number of other vehicles had passed the accident site without incident.
Thomas LaDousa was driving his car in an easterly direction on Highway 190. He and his wife testified that traffic was light, and he was driving 50 to 55 miles per hour. His headlights were on dim. Mr. LaDousa said that he did not see the Jonnson vehicle until he hit it. He did not see the other venicles involved in the first accident, but stated that he saw some shadowy forms just before he hit the other car.
The trial judge found Gladys Johnson negligent for failing to protect traffic, but felt that, in view of all the activity in the vicinity of the first accident, Mr. LaDousa should have seen the Johnson car in time to avoid the accident. He found that his failure to do so constituted contributory negligence.
R.S. 32:141(B) provides as follows:
“The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.”
Under the jurisprudence, Gladys Johnson’s failure to protect traffic, although she had time to do so, renders her negligent per se. Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
It is equally apparent that Mr. LaDousa was guilty of negligence. Despite the activity at the scene of the first accident, and the conservative speed at which he was driving, he never saw the Johnson vehicle at all. His failure to see what he should have seen is a cause-in-fact or proximate cause of the accident. He cannot be relieved of the consequences of his own negligence because of the negligence of Mrs. Johnson. See Dixie Drive It Yourself System New Orleans Co. v. American Beverage Co., supra. His negligence prevents his recovery, and renders him liable to defendants, as a joint tort-feasor, for contribution of one half of whatever they may be condemned to pay to Mrs. LaDousa. Smith v. Southern Farm Bureau Casualty Ins. Co., 247 La. 695, 174 So.2d 122 (1965).
Plaintiffs have asked for an increase in the award to Mrs. LaDousa. She suffered a sprain of the low back, which caused pain and stiffness for three or four months after the accident. There was no residual effect from the accident according to the medical report in the record. The district judge awarded her the sum of $2000.00. We think this to be within the limits of the discretion bestowed on him by law.
The judgment appealed from is affirmed, with costs of the appeal to be shared by all parties.
Affirmed.