JiBROWN, Judge.
Appellants, Rayfield Casey, Jr., and Safeway Insurance Company, take issue with the trial court’s assessment of fault and damages in this vehicular collision case. Finding no error, however, we affirm.

Factual and Procedural Background

This action arises out of a three vehicle accident which occurred at approximately *635 10:15 p.m. on December 29, 1994 near the intersection of Hamilton Road and Highway 72 in Bossier City, Louisiana. Rayfield Casey, Jr., was traveling south on two-laned Hamilton Road when he stopped his vehicle in the road just beyond a hill to let out his cousin, Reginald Brown. Casey did not display either his turn signal or his flashers. Lashonda Samuel, also heading south on Hamilton Road, drove up behind Casey’s car and came to a stop approximately one vehicle length behind Casey. Toby Vicknair drove up behind both vehicles but did not realize that they were stopped until it was too late. Vicknair slammed on his brakes and skidded into Ms. Samuel’s car, causing it to slam into Casey’s vehicle.
Claiming injuries as a result of the accident, Ms. Samuel filed suit against Vicknair, his insurer GEICO, Casey and his insurer, Safeway Insurance Company. Casey, Safeway and Brown also asserted claims against Vicknair and GEICO, which were settled pri- or to trial.
Trial was held on January 28, 1997, and judgment was rendered on March 13, 1997. The trial court found that the accident was caused by the negligence of both Vicknair and Casey and assessed 50% fault to Casey. The court then found that Ms. Samuel was entitled to general damages of $9,200 and special damages of $2,190.70 and rendered judgment against Casey and Safeway for one-half of this amount, $5,695.35. Casey and Safeway have appealed.

[¿Discussion

Apportionment of Fault

Appellants first assert that the trial court erred in assessing 50% fault to Casey. According to appellants, Vicknair, who was speeding on a wet, dark road and therefore unable to stop before hitting Ms. Samuel, should have been allocated 100% of the fault.
The trier of fact is owed great deference in its allocation of fault and should not be reversed unless clearly wrong. Clement v. Frey, 95-1119, 95-1163 (La.01/16/96), 666 So.2d 607; Jackson v. Town of Grambling, 29,198 (La.App.2d Cir.02/26/97), 690 So.2d 942.
The record reveals that Casey stopped his vehicle on a dark night on a two-lane road immediately beyond a hill, blocking the southbound lane of travel, rather than pulling off to the side of the road or into a nearby driveway, and was engaged in a conversation with his passenger, who had gotten out of the vehicle and was standing on the side of the road. Furthermore, while so stopped, Casey did not utilize either his turn signal or his hazard lights.
The trial court found that Casey’s conduct violated La. R.S. 32:141 and was a substantial factor in causing Ms. Samuel’s harm.[1] As noted by the trial court, |8“but for the stoppage of Defendant Casey’s vehicle, the accident would not have happened.” The trial court then assessed 50% fault to Casey. We find no manifest error in the trial court’s apportionment of fault in this case.

Damages

Appellants next contend that the trial court’s general damage award of $9,200 to Ms. Samuel is excessive.
La.C.C. art. 2324.1 provides that in the assessment of damages, much discretion is *636 afforded the judge or jury. Before an appellate court can disturb such an award, the record must clearly reveal an abuse of the trial court’s broad discretion. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993); Dixon v. Tillman, 29,483 (La.App.2d Cir.05/07/95), 694 So.2d 585, writ denied, 97-1430 (La.09/19/97), 701 So.2d 174.
The record shows that Ms. Samuel, who was struck from behind, hit her head on the steering wheel. She was taken by ambulance to LSUMC, where she was treated and released that same night. Later, because of headaches and problems with her neck, back and shoulder, Ms. Samuel sought further treatment. Ms. Samuel was examined by Dr. Scott Mighell on January 4, 1995. At that time, Dr. Mighell found muscle spasm and tenderness in her neck, shoulder and lower back, consistent with Ms. Samuel’s complaints. He prescribed an antíjnflamma-tory4 and a muscle relaxer and referred Ms. Samuel to physical therapy for two weeks. Ms. Samuel attended seven therapy sessions and returned to Dr. Mighell on January 18, 1995. At that time, Ms. Samuel related that although she felt better, she was still experiencing some pain.
Dr. Mighell advised Ms. Samuel to continue physical therapy and to return to him for further treatment. At trial, Ms. Samuel testified that she could not follow Dr. Mighell’s recommendations because her car was totaled in the wreck and she did not have alternative transportation.[2] Ms. Samuel noted at trial, which was more than two years post-accident, that she still suffered from occasional headaches and back pain.
We are unable to say that the trial court’s general damage award constitutes an abuse of discretion under the particular facts and circumstances of this case.

Conclusion

For the reasons set forth above, the trial court’s judgment is AFFIRMED at appellants’ cost.

. La. R.S. 32:141 provides:
A.Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park, or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall he left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.
B. The provisions of this Section shall not apply to the driver of any vehicle which is disabled while on the main traveled portion of a highway so that it is impossible to avoid stopping and temporarily leaving the vehicle in that position. However, the driver shall remove the vehicle as soon as possible, and until it is removed it is his responsibility to protect traffic.
C. The driver of any vehicle left parked, attended or unattended, on any highway, between sunset and sunrise, shall display appropriate signal lights thereon, sufficient to warn approaching traffic of its presence.

. Ms. Samuel also testified that she could not afford to miss work. In her deposition, however, Ms. Samuel stated that she was in school and denied working at the time of the accident.