STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

17-150

DUSTIN WILLIAM BOWDOIN

VERSUS

WHC MAINTENANCE SERVICES, INC., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20145420
HONORABLE DAVID M. SMITH, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, John E. Conery, and D. Kent Savoie, Judges.

AFFIRMED IN PART, REVERSED IN PART
AND REMANDED.

Robert E. Kerrigan, Jr.
Raymond Lewis
Deutsch, Kerrigan, & Stiles & Stiles
755 Magazine Street
New Orleans, LA 70130
(504) 581-5141
COUNSEL FOR DEFENDANT/APPELLANT:
    AIG Specialty Insurance Company

**Edwin G. Preis, Jr.**
**M. Benjamin Alexander**
**Preis PLC**
**Post Office Drawer 94-C**
**Lafayette, LA 70509**
**(337) 237-6062**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **Zurich American Insurance Company**
     **WHC Maintenance Services, Inc.**
     **WHC, LLC**

**Louis C. LaCour, Jr.**
**Adams and Reese, LLP**
**4500 One Shell Square**
**New Orleans, LA 70139**
**(504) 585-0328**
**COUNSEL FOR DEFENDANT/APPELLANT:**
     **AIG Specialty Insurance Company**

**Chad E. Mudd**
**David P. Bruchhaus**
**M. Keith Prudhomme**
**Matthew P. Keating**
**Mudd & Bruchhaus, LLC**
**410 E. College Street**
**Lake Charles, LA 70605**
**(337) 562-2327**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
     **Dustin William Bowdoin**

**SAUNDERS, Judge.**

This is a case involving a motor vehicle accident in which Plaintiff sustained serious injuries. Plaintiff, who resides in Louisiana, was recruited by a pipeline employee to work with him at a pipeline construction and maintenance company performing work in Florida. As agreed, the employee picked Plaintiff up in Louisiana to transport him to the job location in Orlando, Florida. Prior to arriving in Orlando, the employee's personal vehicle in which they were traveling, broke down twice. Plaintiff attempted to assist the employee in towing the inoperable vehicle by steering it as the employee pulled it with a company vehicle and towing assembly. Ultimately, the employee accelerated to 55 miles per hour, which caused Plaintiff to lose control of the inoperable vehicle, and the vehicle flipped. As a result, Plaintiff sustained severe injuries resulting in paraplegia.

Following the accident, Plaintiff sued the employee's employer and its insurers claiming that the employee was in the course and scope of his employment at the time of the accident which rendered his employer vicariously liable for Plaintiff's injuries. The employer and its insurers filed a motion for summary judgment alleging that employer's employee was not in the course and scope of employment at the time of the accident. In response, Plaintiff filed a motion for summary judgment that the employee was in the couse and scope of his employment at the time of the accident. The trial court granted Plaintiff's motion and denied the employer and its insurers' motion. The employer and its insurers have appealed.

**FACTS AND PROCEDUREAL HISTORY**:

Plaintiff, Dustin William Bowdoin ("Bowdoin"), was recruited by Devin Badon ("Badon"), an employee of WHC Maintenance Services, Inc. ("WHC"). WHC is a large pipeline construction and maintenance company based in

Louisiana which performs work on gas pipelines throughout the country. At the time, WHC was performing projects at multiple locations throughout the state of Florida (the "Florida projects"), and was experiencing a labor shortage.

While working on the Florida projects, Badon was employed by WHC as a temporary laborer with an hourly wage. WHC paid crewmembers a per diem for their travel and lodging expenses, as travel and effectively relocating are critical components of the work of pipeline construction for workers like Badon, who are required to move from project to project. The project for which Bowdoin had been recruited was scheduled to begin on Tuesday, May 27, 2014.

On Friday, May 23 2014, Badon, having completed work on a project in Perry, Florida, left his camper trailer he had previously towed there for the purpose of staying at campsites near the various WHC job locations, and drove to Louisiana where he picked up Bowdoin. Badon's intent was to get back from Louisiana to the Perry, Florida campsite, retrieve his camper, and relocate it to the Orlando job location so that he and Bowdoin would be staged and ready to work on the date the project was scheduled to begin. En route back to Florida, Badon's vehicle broke down twice. The first time, Roy O'Quinn ("O'Quinn"), a WHC labor foreman whose responsibilities included making sure WHC employees made it to the next job site, came to Badon's aid in a WHC company vehicle, and, using a WHC towing assembly, towed Badon's vehicle to an auto parts store so that he could have it repaired. When Badon's efforts to repair the vehicle failed, O'Quinn towed Badon's vehicle to the Perry campsite. Badon and Bowdoin then rode back to Orlando, Florida, with O'Quinn. The following day, Saturday, May 24, 2014, on which Badon and the entire WHC crew was being paid a per diem, WHC Foreman Chris Aguillard ("Aguillard") loaned Badon his WHC company vehicle and towing assembly for the purpose of retrieving Badon's vehicle and camper

from the Perry campsite and relocating it to the Orlando job location. Bowdoin assisted Badon by attempting to steer Badon's inoperable vehicle as Badon towed it. When Badon accelerated to 55 miles per hour, Bowdoin lost control of the inoperable vehicle, and it flipped. As a result, Bowdoin sustained severe injuries resulting in paraplegia.

Bowdoin filed suit against WHC, Zurich American Insurance Company, and AIG Specialty Insurance Company (collectively "Defendants") alleging, *inter alia*, that Badon was in the course and scope of his employment with WHC, and, as such, WHC was vicariously liable unto him for Badon's actions. Defendants filed a motion for summary judgment asserting that Badon was not acting within the course and scope of his employment with WHC at the time of the accident. Bowdoin filed an opposition to that motion and a cross motion for summary judgment asserting that Badon was within the course and scope of his employment with WHC at the time of the accident.

The trial court denied Defendant's motion and granted Bowdoin's motion finding that Badon was within the course and scope of his employment with WHC at the time of the accident. Defendants filed this appeal asserting two assignments of error.

## ASSIGNMENTS OF ERROR:

1. The District Court improperly granted summary judgment in Plaintiff's favor despite the existence of evidence squarely contradicting the factual allegations relied upon by Plaintiff in support of his argument that Devin Badon was within the course and scope of his employment with WHC at the time of the accident, thereby establishing genuine issues of disputed fact and precluding the availability of summary judgment in Plaintiff's favor.

2. The District Court improperly denied summary judgment in Defendants' favor when the disputed facts relied on by Plaintiff are immaterial to the question of course and scope, and the undisputed material facts established that Devin Badon was outside the course and scope of his employment with WHC at the time of the accident.

**ASSIGNMENT OF ERROR NUMBER ONE:**

Defendants assert that the trial court erred in granting Bowdoin's motion for summary judgment, due to existing evidence that contradicts Bowdoin's alleged undisputed material facts, precluding the availability of summary judgment in Bowdoin's favor. We find merit to this assertion.

Appellate courts review summary judgments de novo, under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Duncan v. U.S.A.A. Ins. Co.*, 06-363 (La. 11/29/06), 950 So.2d 544.

In order to prevail on a motion for summary judgment, the moving party must show that "there [is] no genuine issues of material fact and that he is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3). "A fact is 'material' when its existence or nonexistence may be essential to [the] plaintiff's cause of action." *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. "A genuine issue of material fact is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 8 (La. 7/2/12), 94 So.3d 750, 755 (superseded by statute on other grounds).

When considering a motion for summary judgment, the court cannot "consider the merits, make credibility determinations, evaluate testimony[,] or weigh evidence." *Prop. Ins. Ass'n of La. v. Theriot*, 09-1152, p. 3 (La. 3/16/10), 31 So.3d 1012, 1014 (quoting *Suire v. Lafayette City–Parish Consol. Gov't*, 04-1459, p. 11 (La. 4/12/05), 907 So.2d 37, 48). Moreover, although "summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be

4

resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050.

> [A]n employer is answerable for the damage occasioned by its servants in the exercise of the functions in which the servant is employed. Specifically, an employer is liable for its employee's torts committed if, at the time, the employee was acting within the course and scope of his employment. An employee is acting within the course and scope of his employment when the employee's action is "of the kind that he is employed to perform, occurs substantially within the authorized limits of time and space, and is activated at least in part by a purpose to serve the employer." An employee may be within the course and scope of his employment yet step out of that realm while engaging in a personal mission.

*Timmons v. Silman,* 99-3264, p. 4 (La. 5/16/00), 761 So.2d 507, 510 (citations omitted). Courts are to consider four factors when assessing vicarious liability set forth in *LeBrane v. Lewis*, 292 So.2d 216 (La.1974), and summarized by the supreme court in *Edmond v. Pathfinder Energy Services, Inc*., 11-151 (La.App. 3 Cir. 9/21/11), 73 So.3d 424, *writ denied*, 11-2234 (La.12/16/11), 76 So.3d 1204. They are whether the tortious act: (1) was primarily employment rooted; (2) was reasonably incidental to the performance of the employee's duties; (3) occurred on the employer's premises; and (4) occurred during the hours of employment. *Edmond*, 73 So.3d at 426.

It is not necessary that each factor be present in each case, however each must be weighed on its own merits. *Lemaire v. Richard*, 13-581 (La.App. 3 Cir. 11/6/13), 125 So.3d 558. The determinative question is whether "the tortious conduct . . . was so closely connected [in] time, place, and causation to his employment-duties as to be regarded a risk of harm fairly attributable to the employer's business, as compared with conduct motivated by purely personal considerations entirely extraneous to the employer's interests." *LeBrane*, 292 So.2d at 218.

5

In the case before us, Defendants aver that Bowdoin's motion for summary judgment was improperly granted because it relied upon disputed facts. After reviewing the record, we find that there is conflicting testimony as to whether Badon was directed by WHC to travel to Louisiana to retrieve Bowdoin for work on the next WHC project. Badon testified that he was directed to do so while this testimony was contradicted by the testimonies of WHC employees, Rusty Smith and Chris Aguillard. In order to grant a summary judgment, as the trial court did in this case, one would have to give credence to Badon's testimony regarding whether he was directed to retrieve Bowdoin by WHC over that of Smith and Aguillard. Such a finding requires a credibility determination made to evaluate or weigh testimony which is impermissible when considering the merits of a motion for summary judgment.

On its own, an impermissible weighing of evidence does not defeat summary judgment. The fact impermissibly weighed must be a material fact. Whether WHC directed Badon to retrieve Bowdoin is material because it shows the extent of control, if any, WHC was exerting over Badon in his endeavor to bring Bowdoin to Florida to work for it. This is certainly material as it is a factor to consider when contemplating whether Badon was in the course and scope of his employment with WHC when the accident occurred.

Moreover, there is conflicting testimony as to why Badon was being paid on the day of the accident. According to Badon's testimony, he was being paid wages and per diem in pursuit of his mission to deliver Bowdoin to the jobsite. Badon's statement taken after the accident contradicts this testimony wherein he stated that he was getting paid that day despite no construction ongoing in order to correct an accounting error with the crew's per diem from previous days of work. Badon's previous statement is corroborated by the testimony of other WHC employees who

6

also stated that the entire crew was being paid wages and per diem that day in order to make up for an accounting error in the paychecks the entire crew had been receiving. Thus, in order to consider it a fact that Badon was being paid on the day of the accident to specifically retrieve Bowdoin for WHC would require impermissible weighing of evidence. This fact is also material because it shows whether Badon's accident occurred while he was on the clock, which is a factor in the temporal element present in a course and scope analysis.

Given the above, we cannot say that there is no genuine issue of material fact as to whether Badon was in the course and scope of his employment with WHC when the accident occurred that injured Bowdoin. Accordingly, summary judgment was not proper in this case at this time, and we reverse the trial court's grant of Bowdoin's motion.

**ASSIGNMENT OF ERROR NUMBER TWO:**

Defendants assert that the trial court incorrectly denied their motion for summary judgment that Badon was not in the course and scope of his employment with WHC when the accident occurred because the disputed facts relied on by Bowdoin to defeat their motion are immaterial to course and scope analysis in this case. We find no merit to this assertion.

As stated in assignment of error number one, appellate courts review summary judgments de novo, under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. *Duncan*, 950 So.2d 544. In order to prevail on a motion for summary judgment, the moving party must show that "there [is] no genuine issues of material fact and that he is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3)

7

For consideration of this motion for summary judgment, while Defendants are the movant, they do not have the burden of proof on the issue at trial. Therefore, they need only establish that Bowdoin lacked support for one or more elements required to establish his claim. La.Code Civ.P. art. 966(D)(1). If WHC satisfies its burden on the motion, Bowdoin must "produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Id.* Otherwise, Bowdoin's opposition fails.

Defendants' argument is that even if you take all the facts alleged by Bowdoin as true, Badon was still not within the course and scope of his employment with WHC when the accident happened. According to Defendants, Bowdoin's course and scope claim relies on the purpose of Badon's mission being to bring Bowdoin from Louisiana to Florida and Badon had completed that mission the night before the accident occurred. We do not find this argument convincing.

If we are to take all the facts alleged by Bowdoin as true, a reasonable person could conclude that Badon was in the course and scope of his employment with WHC at the time of the accident. Bowdoin alleges that Badon's mission was to get him to the jobsite and have him staged and ready for work the next week. According to Bowdoin, Badon having his camper at the campsite was necessary in order for Badon to complete that mission.

Moreover, according to Badon, WHC's supervising employees gave him permission to use the company's vehicle and towing equipment to get his camper from the Perry campsite to the Orlando campsite for WHC's benefit. Thus, while there is conflicting evidence on this issue, if we are to take Badon's testimony as true, it would be reasonable to find that Badon's mission to get his camper from the Perry campsite to the Orlando campsite was within the course and scope of his

8

employment given evidence in the record that that use of campers at the campsites was necessary and their use benefitted WCH. Additionally, given that Bowdoin had not yet been staged and ready for work at the campsite, it would also be reasonable to find that Badon had not accomplished his mission allegedly given to him by WHC. Thus, Defendants' argument regarding the fact that Bowdoin could have stayed at a hotel or other lodging and gotten a ride to work on the day work began does not mean that Badon's mission to get him to Florida was completed nor does it mean that they are entitled to summary judgment.

As such, given the status of the record, we find that reasonable minds could differ as to whether Badon was in the course and scope of his employment with WHC when the accident occurred. Accordingly, we find no error by the trial court in denying Defendants' motion for summary judgment.

**CONCLUSION:**

WHC Maintenance Services, Inc., Zurich American Insurance Company, and AIG Specialty Insurance Company raise two assignments of error. We find merit in the first and reverse the trial court's judgment granting Dustin William Bowdoin's motion for summary judgment based on the factual question of whether Devin Badon was in the course and scope of his employment with WHC Maintenance Services, Inc. when the automobile accident in question transpired. Further, we affirm the trial court's denial of WHC Maintenance Services, Inc., Zurich American Insurance Company, and AIG Specialty Insurance Company's motion for summary judgment because whether Devin Badon was not in the course and scope of his employment with WHC Maintenance Services, Inc. when the automobile accident in question transpired is a question of material fact. Accordingly, we remand this matter for further proceedings consistent with this opinion.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**