# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-230

**JAMES GUILBEAU AND TAMMY GUILBEAU**

**VERSUS**

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET AL.**

### C/W 18-231

**KEITH ANTOINE**

**VERSUS**

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET AL.**

### C/W 18-232

**CLYDE GUILLORY AND CELINE GUILLORY**

**VERSUS**

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET AL.**

**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 15-C-1252-B C/W 15-C-1253-B
C/W 15-C-3651-A
HONORABLE A. GERARD CASWELL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***
**JOHN E. CONERY**
**JUDGE**
**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Billy H. Ezell, John E. Conery, D. Kent Savoie, and Van H. Kyzar, Judges.

**Cooks, J., dissents.**

**REVERSED AND REMANDED.**

**Richard B. Eason II**
**Robin B. Cheatham**
**E. Gregg Barrios**
**Adams and Reese LLP**
**701 Poydras Street, Suite 4500**
**New Orleans, Louisiana  70139**
**(504) 581-3234**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **Liberty Mutual Fire Ins. Co.**
     **Utility Lines Construction Services, Inc.**
     **Morlon Chaddrick**

**James S. Gates**
**Morrow, Gates, & Morrow, L.L.C.**
**Post Office Drawer 219**
**Opelousas, Louisiana  70571**
**(337) 942-6529**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **James Guilbeau**
     **Tammy Guilbeau**
     **Keith Antoine**

**Derrick G. Earles**
**David C. Laborde**
**Jeff D. Easley**
**Laborde Earles Law Firm, LLC**
**603 North Washington Street**
**Marksville, Louisiana 71351**
**(318) 253-3297**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **Clyde Guillory**
     **Celine Guillory**

**James D. Hollier**
**NeunerPate**
**1001 West Pinhook Road, Suite 200**
**Post Office Drawer 52828**
**Lafayette, Louisiana  70505**
**(337) 237-7000**
**COUNSEL FOR INTERVENORS/APPELLEES:**
     **St. Landry Parish Government**
     **The Parish Government Risk Management Agency Self Insurers Fund**

**CONERY, Judge.**

Plaintiffs James Guilbeau, Keith Antoine, and Clyde Guillory (Plaintiff Employees) claim damages as a result of a collision between the St. Landry Parish maintenance truck they were occupying and a vehicle operated by defendant Morlon Chaddrick, who was employed by defendant, Utility Lines Construction Services, Inc., and insured by defendant Liberty Mutual Fire Insurance Company (Defendants). Plaintiff Tammy Guilbeau is the wife of James Guilbeau, and Plaintiff Celine Guillory is the wife of Clyde Guillory; both claim damages for loss of consortium. St. Landry Parish Government intervened for the reimbursement of worker's compensation benefits it had paid to Plaintiff Employees as a result of the collision. Plaintiffs filed a motion for summary judgment on the issue of liability, which was opposed by all Defendants. The trial court granted partial summary judgment on the issue of liability in favor of the Plaintiffs, finding Defendants 100% at fault. The trial court further ordered the issues of medical causation and damages to be reserved for a trial on the merits. Defendants have timely appealed. For the following reasons, we reverse and remand.

## FACTS AND PROCEDURAL HISTORY

It is undisputed that on the morning of September 5, 2014, a St. Landry Parish maintenance dump truck was at a complete stop partially blocking the travel lane in Defendant's lane of travel on Jules Lagrange Road in St. Landry Parish. At the time of the accident, the maintenance truck was operated by Plaintiff, Clyde Guillory, and occupied by Plaintiffs, James Guilbeau and Keith Antoine.[1] The maintenance truck

---

[1] Correspondence received by the Clerk of Court's Office from counsel for Plaintiff Clyde Guillory and Plaintiff Keith Antoine indicates that those parties have reached settlements in their respective cases. However, the court has received no formal documentation of such a settlement nor any related motions for dismissal. Accordingly, this opinion reflects consideration of the three consolidated cases.

was struck from the rear by Defendant, Mr. Chaddrick, who was driving a pick-up truck owned by his employer during the course and scope of his employment with Utility Construction Services, Inc., and insured by Liberty Mutual Fire Insurance Company, all Defendants herein. St. Landry Parish Government and the Parish Government Risk Management Agency Self Insurers Fund filed a petition of intervention to recover the worker's compensation benefits paid to the Plaintiff Employees.

Defendants answered the suit and intervention, asserting that Plaintiff Employees were solely at fault, or in the alternative, were comparatively at fault in causing this accident, and that the parish failed to adequately train and equip the Plaintiff Employees, who obstructed the roadway and failed to warn oncoming motorists lawfully driving on the roadway of the obstruction. Defendants requested a jury trial on all issues.

After completion of discovery, Plaintiffs then filed a motion for partial summary judgment on the issue of liability, which Intervenor adopted, supported by pre-trial depositions of several of the parties and witnesses. Defendants opposed the summary judgment and filed a timely memorandum and depositions in opposition. The trial court made a finding of fact that Defendant Chaddrick was 100% at fault and granted partial summary judgment on the issue of liability in favor of all Plaintiffs and Intervenor against all Defendants, reserving the issues of medical causation and damages for a trial on the merits. Defendants have timely appealed.

## ASSIGNMENTS OF ERROR

The Defendants assert the following assignment of error on appeal:

1. The trial court erred in granting Plaintiffs a partial summary judgment on liability and making the factual finding that Defendant Morlon Chaddrick was 100% at fault for causing the vehicular

accident in this case because there are numerous issues of material fact as to the negligence and/or comparative fault of the parties in this case.

The Plaintiffs assert the following assignment of error on appeal:

1. Plaintiffs assign as error the failure of the trial court to rule on objections made in its Reply Memorandum before ruling on summary judgment.

## LAW AND DISCUSSION

### *Standard of Review*

Appellate courts review motions for summary judgment *de novo*, using the identical criteria that directs the trial court's consideration of whether summary judgment is appropriate. *Dunn v. City of Kenner*, 15-1175 (La. 1/27/16), 187 So.3d 404. The reviewing court, therefore, is tasked with determining whether "the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

Louisiana Code of Civil Procedure Article 966(D) further provides:

(1) The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

(2) The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum.

In *Roy v. Kyrles, Inc.*, 07-1605, p. 4 (La.App. 3 Cir. 5/14/08), 983 So.2d 975, 978, a panel of our court held that the legislature further clarified the burden of proof in enacting La.Code Civ.P. art. 966(C)(2) (now 966(D)(1)(2)) and stated:

> This amendment parallels the language of *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The amended article places the initial burden of proof on the mover of the motion for summary judgment. If the mover meets this initial burden, the burden of proof then shifts to the nonmoving party that has the burden of proof on this particular issue at trial. This nonmoving party then must put forth evidence that shows he or she will be able to meet that burden at trial. If the nonmoving party cannot, then the motion for summary judgment should be granted. Mar[a]ist & Lemmon, Louisiana Civil Law Treatise: Civil Procedure § 6.8 (1999).

The recent supreme court case of *Maggio v. Parker*, 17-1112, p. 4 (La. 6/27/18), 250 So.3d 874, 878, defined the court's role in the determination of a motion for summary judgment and stated:

> In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. All doubts should be resolved in the non-moving party's favor. *Hines v. Garrett*, 2004-0806 (La. 6/25/04), 876 So.2d 764, 765. A fact is material if it potentially ensures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, there is no need for a trial on that issue and summary judgment is appropriate. *Id*. at 765-66.

All facts and inferences of fact must be resolved in favor of the non-moving party. *Bowdoin v. WHC Maint. Services, Inc.*, 17-150 (La.App. 3 Cir. 10/25/17), 230 So.3d 232.

## DEFENDANTS' ASSIGNMENT OF ERROR

In their sole assignment of error on appeal, Defendants' claim that the trial court erred in granting partial summary judgment to Plaintiffs on the issue of liability by improperly making the factual finding that Mr. Chaddrick was 100% at fault for

4

causing the vehicular accident. Defendants claim that there are genuine issues of material fact as to the negligence and/or comparative fault of the parties.

*Liability*

Louisiana Civil Code Article 2315 requires a plaintiff to prove five elements in order to impose liability under general negligence principles: (1) that the defendant had a duty to conform his conduct to a specific standard of care; 2) that the defendant failed to do so; 3) that the substandard conduct was a cause-in-fact of the plaintiff's injuries; 4) that the conduct was a legal cause of the plaintiff's injuries; and 5) actual damages. *Ebarb v. Matlock*, 46,243 (La.App. 2 Cir. 5/18/11), 69 So.3d 516, *writ denied*, 11-1272 (La. 9/23/11), 69 So.3d 1164.

*Presumption of Fault*

In cases where there is a rear-end collision, La.R.S. 32:81(A) provides that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway." In such a case, a following motorist is presumed to have breached this statutory duty when a rear-end collision occurs. *Garcia v. Stalsby,* 11-350 (La.App. 3 Cir. 12/14/11), 78 So.3d 873, *writ denied,* 12-422 (La. 4/9/12), 85 So.3d 703. It is undisputed that Mr. Chaddrick's vehicle collided with the rear of Plaintiffs' vehicle, though he was not following Plaintiff's vehicle, as it was stopped partially on the roadway. The Plaintiff Employees intended to patch the roadway but had remained in the truck for up to three minutes prior to the collision. No cones, signs, flagmen or warnings whatsoever had been placed on the roadway to warn motorists of the partial lane blockage.

Defendants argue that in this case there is at least a genuine issue of material fact that the "preceding vehicle," the parish dump truck, was negligent in its

operation and failure to warn by the employees, thus creating a hazard which could not be avoided by a prudent operator, and that St. Landry Parish Intervenor was partially at fault for failing to properly train and equip the parish work crew.

In *Graffia v. Louisiana Farm Bureau Casualty Insurance Co.*, 08-1480, p. 7 (La.App. 1 Cir. 2/13/09), 6 So.3d 270, 274, a panel of the first circuit provided, "notwithstanding the presumption of negligence [in a rear-end collision case], a favored motorist can still be assessed with comparative fault if his or her substandard conduct contributed to the cause of the accident."

Defendants assert that in this case, comparative fault should also be applied to Plaintiffs' actions as it is undisputed that the parish dump truck was parked partially in the roadway, thereby obstructing Mr. Chaddrick's lane of travel, and Plaintiff Employees failed to utilize any safety procedures such as cones, eye-level flashers, signs, or a flagman to warn motorists of the upcoming obstruction.

### *Statutory Duty Not To Obstruct A Roadway*

It is undisputed that the parish dump truck was partially parked on the roadway at the time of the accident obstructing Defendant's lawful lane of travel. In the deposition testimony of the investigating officer David Halphen, he testified about the position of the vehicles as evidenced by pictures taken after the accident and stated:

> Q. Does it show the position of the parish road maintenance truck being partially on the shoulder of the roadway and partially in the roadway?
>
> A. I mean, there was no shoulder, technical shoulder, on this road, other than this area. I mean, I would consider this on the roadway.
>
> Q. So other than maybe the two tires in the little grass area, most of the truck is in the roadway; is that right?
>
> A. Correct.

6

Louisiana Revised Statutes 32:141 (emphasis added) provides:

A. Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, **but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway.**

The Plaintiffs in oral argument claim that La.R.S. 32:141 only applies to "highways." They argue that this accident took place on a parish road and therefore the statute is not applicable. However, La.R.S. 32.1 (emphasis added) provides the definitions applicable to Chapter 32, and states, "(25) '**Highway**' means the entire width between the boundary lines of **every way or place of whatever nature publicly maintained and open to the use of the public for the purpose of vehicular travel,** including bridges, causeways, tunnels and ferries; synonymous with the word 'street'." Louisiana Revised Statutes 32.1 (emphasis added) states, "(65) '**Shoulder**' means the portion of the highway contiguous with the roadway for accommodation of stopped vehicles, for emergency use, pedestrian use, mobility aid use, bicycle use, and for lateral support of base and surface."

In the second circuit case of *Samuel v. Vicknair*, 31,049, p. 1 (La.App. 2 Cir. 9/23/98), 718 So.2d 634, 635, the accident at issue took place "near the intersection of Hamilton Road and Highway 72 in Bossier City, Louisiana." However, the actual accident occurred on the two-laned Hamilton Road when the driver stopped to let out a passenger. The second circuit found that La.R.S. 32:141 was applicable to the case and made no distinction that Hamilton Road was not a "state highway." We therefore find that the argument by the Plaintiffs that La.R.S. 32:141 does not apply to be without merit.

7

The Louisiana Supreme Court in *Laird v. Travelers Ins. Co.*, 267 So.2d 714, 718 (La.1972) determined that La.R.S. 32:141(A) "is a highway safety measure designed to keep open the traffic arteries." The *Laird* court further noted that it has been "held as a matter of court policy that this statute is designed to protect against the risk that a driver, whether cautious or inattentive, would collide with a stationary vehicle." *Id*. "Whether a duty is owed is a question of law." *Mundy v. Dep't of Health & Human Res.*, 620 So.2d 811, 813 (La.1993) (citing *Faucheaux v. Terrebonne Consol. Gov't,* 615 So.2d 289 (La.1993)). Therefore, the statute creates a duty on the part of the Plaintiff Employees. "Whether the defendant breached that duty represents a factual determination. The determination of whether the defendant's conduct was a cause-in-fact of the plaintiff's injuries is also a question of fact." *Journet v. Mouton*, 12-811, p. 5 (La.App. 3 Cir. 2/6/13), 107 So.3d 829, 832, *writ denied*, 13-0522 (La. 4/12/13), 111 So.3d 1010 (citations omitted).

Plaintiff Employees also claim that this large dump truck was plainly visible as it was stopped on the roadway with its flashing hazard lights on, thus satisfying any alleged obligations to have a "clear view" of the "obstruction"

Defendant, Mr. Chaddrick, testified in his deposition that he was temporally blinded by glare on his windshield from the sun shortly after coming around a curve on Jules Lagrange Road when the sun unexpectedly came into his vision from behind a pine tree: "[I]t got bright all of a sudden - - - I didn't have any warning or anything. I just hit the back of the truck". He stated that there were no signalmen, no cones, and he saw no visible flashers or anything else warning him of the obstruction in his lane of travel until the moment of impact.

Deposition testimony of the Plaintiff Employees of St. Landry Parish introduced for purposes of summary judgment reveals that at the time of the accident,

8

the Plaintiff Employees admitted that the parish dump truck was partially blocking Jules Lagrange Road in Mr. Chaddrick's travel lane for "up to three minutes" before they were hit by Mr. Chaddrick. The Plaintiff Employees claimed that flashers on the dump truck were under the rear bumper and working, but admitted the flashers were not at eye level. Furthermore, the Plaintiff Employees testified by deposition that they did not have any safety equipment in the truck, such as warning cones or signs, nor did they plan to use a flagman to direct traffic while they worked. There were no signs or signals whatsoever, much less within "a distance of two hundred feet in each direction" as required by La.R.S. 32:141. It is undisputed that the Plaintiff Employees had worked on this exact roadway the day before and therefore should have been aware of the road conditions and their statutory duty to properly sign and signal motorists traveling on the roadway pursuant to La.R.S. 32:141, as well as their legal duty to do so pursuant to general negligence principles.

Further, Defendants assert that Plaintiff Intervenor St. Landry Parish Government should also be cast with comparative fault as the employers of the Plaintiff Employees for their failure to properly train their employees and provide them with proper safety equipment and warning devices. Louisiana Civil Code Article 2320 provides in pertinent part:

> Masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed.
>
> . . . .
>
> In the above cases, responsibility only attaches, when the masters or employers … might have prevented the act which caused the damage, and have not done it.

When the alleged fault of a motorist and the alleged fault of a governing body responsible for refraining from blocking the travel portion of a highway and for

warning motorists of unreasonably dangerous road conditions combine to produce an accident, comparative fault is applicable. *Gadman v. State ex rel. Dep't of Transp. & Dev.*, 493 So.2d 661 (La.App. 2 Cir.), *amended in part*, 497 So.2d 1001 (La.1986).

The Plaintiff Employees admitted through their deposition testimony that while safety meetings had happened in the past, it was not their usual practice to have cones, flags, flagmen or other safety precautions to warn motorists when they parked their parish dump truck partially blocking a travel lane on the roads they were maintaining. Further, the Plaintiff Employees admitted in deposition testimony that the use of a flagman on work sites occurred only "when possible." According to the deposition testimony of the Plaintiff Employees, the main safety precautions taken were the use of safety vests and flashers on the truck, which in this case were located beneath the rear bumper of the dump truck. If the workers did have bright safety vests, Defendant could not have seen them as the Plaintiff Employees were still in the truck at the time of the collision. Defendant Chaddrick testified that he did not see any "flashers" on the dump truck and because the sun temporarily blinded him, he did not see that the dump truck was partially blocking his travel lane until it was too late to avoid the collision.

Pictures introduced in support of and in opposition to the motion for summary judgment do show that the road on which defendant had traveled was straight for a significant distance before he encountered the parked truck on the roadway. However, those same pictures also show that the truck was parked at the beginning of a sharp curve, and that area was shaded by some trees. At the very least, there is a question of fact as to what defendant could have seen or perceived as he

approached the truck. His assertion that he was partially blinded by the sun which suddenly appeared behind the trees is corroborated by the pictures as well.

In fact, defendant's testimony was that after he suddenly encountered the sun's glare, he immediately slowed his vehicle to fifteen (15) miles per hour. Therefore, the issues of his vehicle's position and speed prior to the sun blinding him and whether he could actually see and perceive that the truck was stopped on the road before the sun blinded him are all factual questions best resolved at a trial on the merits.

### Trial Court's Reasons For Ruling

The trial court stated the following oral reasons for ruling on the record at the hearing on the motion for summary judgment:

> Here's what I see, first of all, I don't think there's any dispute that there is a presumption that comes into play when a following motorist rear-ends another motorist. The law says so. The presumption then shifts the burden to the following motorist to prove that either he was not at fault, or that he wasn't a hundred percent at fault. So that's where I start when we get there. I think that that presumption does come into play. Now, in addition, I go and I look, is that any material fact in dispute relative to overcoming that burden, and there's some great arguments, but I can't get past one simple thing. It is clear, from all the evidence, that the following motorist, Mr. Chaddrick, was blinded by the sun. He could not see a dump truck. Now, to argue that there were inadequate warnings that the dump truck was there, is great argument. I don't have anything from a [statutory] standpoint, that there was any specific requirement in the law that, other than the flasher, something else required that would then shift the burden back to say they didn't comply. But more important than that is I cannot get around the fact that there is no evidence, there is speculation[.]

The trial court then relied on the case of *Warren v. Hunter Truck Lines, Inc.*, 289 So.2d 257 (La.App. 1 Cir. 1973), *writ denied*, 290 So.2d 910 (La.1974), and continued, "[T]o quote the **Warren** case, 'To hold that warning devices might have avoided the accident would be sheer speculation.' That's what it says in the **Warren** case. That's what we have here."

11

As in this case, the statutory interpretation of both La.R.S. 32:81 and 32:141 was at issue in *Warren*, 289 So.2d 257. However, the *Warren* case was not decided on a motion for summary judgment, rather the ruling was made by the trial court **after a full trial on the merits**, where the trial court had the obligation to and did make factual findings and credibility determinations before ruling in favor of the plaintiff. Prior to its ruling, the trial court in *Warren* specifically stated, "**It is elementary that cases of this nature involve purely factual determinations which must be decided in the light of the circumstances peculiar to each case.**" *Warren*, 289 So.2d at 260. (Emphasis added.)

As in this case, in *Addison v. Travelers Ins. Co.*, 281 So.2d 805 (La.App. 1 Cir. 1973), *writ denied*, 283 So.2d 498, 499, 502 (La.1974), the oncoming driver of a vehicle claimed she couldn't see the parked road maintenance vehicle because the sun was in her eyes. The Highway Department was found to be negligent, proximately causing the collision when the oncoming motorist drove her vehicle into the parked Highway Department road maintenance vehicle. Importantly, that case was also decided after a full trial on the merits where factual findings and credibility determinations could properly be made by the fact finder. *See also State Farm Mut. Auto Ins. Co. v. S. Cent. Bell Tel. Co.*, 359 So.2d 1318 (La.App. 4 Cir. 1978).

In *Bowdoin*, 230 So.3d at 236 (alteration in original), this court emphasized:

> When considering a motion for summary judgment, the court cannot "consider the merits, make credibility determinations, evaluate testimony[,] or weigh evidence." *Prop. Ins. Ass'n of La. v. Theriot,* 09-1152, p. 3 (La. 3/16/10), 31 So.3d 1012, 1014 (quoting *Suire v. Lafayette City-Parish Consol. Gov't*, 04-1459, p. 11 (La. 4/12/05), 907 So.2d 37, 48). Moreover, although "summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent's favor." *Willis v. Medders*, 00-2507, p. 2 (La. 12/8/00), 775 So.2d 1049, 1050.

In the recent case of *Boyance v. United Fire and Casualty Co.*, 17-876 (La.App. 3 Cir. 3/28/18), 242 So.3d 745, *rev'd,* 18-866 (La. 10/8/18), 253 So.3d 1274, a panel of our court, with one judge dissenting, affirmed a summary judgment involving a three-vehicle accident on I-10, finding that the initial rear ending vehicle was 100% at fault for the collision and resulting damages. In that case, plaintiff had abruptly slowed her vehicle in response to the co-defendant eighteen-wheeler driver merging from a highway weigh station onto her lane of travel. She was rear ended and then propelled into the merging vehicle by the following truck. The majority found no genuine issue of material fact and affirmed the trial court's decision exonerating the merging driver of the eighteen-wheeler and placing 100% of the fault on the defendant rear ending driver. The dissenting judge wrote a comprehensive opinion pointing out that such a finding was improper on summary judgment as it necessarily involved resolving issues of credibility and findings of fact inappropriate for summary judgment.

The Louisiana Supreme Court in *Boyance v. United Fire and Cas. Co.*, 18-886, p. 1 (La. 10/8/18), 253 So.3d 1274, 1274, granted the writ and reversed the majority, stating succinctly: "Writ granted. Contested issues of material fact remain. The summary judgment … is reversed and the matter is remanded for further proceedings."

Because allocation of fault is a factual finding, where reasonable minds can differ about the allocation of fault to each party, summary judgment is inappropriate and comparative fault applies. *Berthiaume v. Gros*, 15-116 (La.App. 3 Cir. 6/3/15), 165 So.3d 1275; s*ee also Slaton v. Stein*, 93-1253 (La.App. 3 Cir. 5/4/94), 640 So.2d 582. Similarly, in this case, there are contested issues of fact and inferences from

those facts involved in this case such that summary judgment is not appropriate. Plainly and simply, this is not a summary judgment case.

We find that the trial court erred in making factual findings and credibility determinations at this partial summary judgment hearing on the issue of liability. We find that there are genuine issues of material fact as to whether the Plaintiff Employees' actions violated La.R.S. 32:141, whether they were negligent, and whether their failure to properly warn motorists or employ any safety measures was a contributing cause of the accident, along with the alleged fault of the St. Landry Parish Government for failing to properly equip and train its employees. Accordingly, we reverse the trial court's grant of the motion for partial summary judgment finding Defendants 100% at fault and remand for further proceedings consistent with this opinion and the law.

## PLAINTIFF EMPLOYEES' ASSIGNMENT OF ERROR

In their sole assignment of error on appeal, Plaintiff Employees assert that the trial court erred when it failed to rule on the objection to the admission into evidence of the depositions of other parish workers by the Defendants.

Louisiana Code of Civil Procedure Article 966(D)(2) provides:

> The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider.

This court's reversal of the trial court's partial summary judgment on the issue of liability renders moot the Plaintiff Employees' assignment of error, as any

14

question as to the admissibility of the workers' depositions may now be addressed by the trial court at the trial on the merits.

## CONCLUSION

For the foregoing reasons, we find that the trial court erred in granting partial summary judgment on the issue of liability in favor of the Plaintiffs James Guilbeau, Tammy Guilbeau, Keith Antoine, Clyde Guillory, Celine Guillory and the Intervenor St. Landry Parish Government. We reverse the ruling of the trial court and remand for further proceedings. All costs of this appeal are assessed to the Plaintiffs James Guilbeau, Tammy Guilbeau, Keith Antoine, Clyde Guillory and Celine Guillory and the Intervenor, St. Landry Parish Government.

**REVERSED AND REMANDED.**